2005 UT App 399

Pat SALZL, Petitioner,

v.

DEPARTMENT OF WORKFORCE SERVICES, Respondent.

No. 20040419–CA.

Court of Appeals of Utah.

Sept. 22, 2005.

W. Andrew McCullough, McCullough & Associates, Midvale, for Petitioner.

Michael R. Medley, Department of Workforce Services, Salt Lake City, for Respondent.

Before BILLINGS, P.J., GREENWOOD, and ORME, JJ.

## OPINION

GREENWOOD, Judge:

¶ 1 Petitioner Pat Salzl appeals the decision of Respondent Workforce Appeals Board (the Appeals Board) of the Department of Workforce Services (the Department) disqualifying Petitioner from receiving unemployment benefits for a fifty-two week period because she was discharged for the commission of a crime in connection with work, pursuant to Utah Code section 35A–4–405(2)(b). *See* Utah Code Ann. § 35A–4–405(2)(b) (2001). Respondent also determined that Petitioner was liable for a fault overpayment under the provisions of Utah Code section 35A–4–406(4). *See id.* § 35A–4–406(4) (2001). We affirm.

## BACKGROUND

¶ 2 On October 27, 2002, Petitioner was suspended from her employment caring for disabled individuals at the Utah State Developmental Center (the USDC), pending an internal investigation, after she used an improper technique to move a noncompliant disabled adult patient across new carpet, causing injury to the patient. Petitioner was also criminally charged with abuse of a vulnerable adult, a class C misdemeanor, *see* Utah Code Ann. § 76–5–111(3) (2003), for her actions.

¶ 3 Apparently hoping to avoid the consequences of her actions, Petitioner called the USDC medical director, a physician who had examined the disabled adult patient, and asked him to "[m]ake a statement on the record that it was medically necessary to drag the patient, as this would stop the police investigation." The medical director refused her request and notified the police, who charged Petitioner with attempted witness tampering, a class A misdemeanor. *See id.* § 76–8–508 (2003).

¶ 4 The internal investigation confirmed that Petitioner used an improper technique to transfer the patient, causing that patient injury. On December 11, 2002, the USDC issued a letter of dismissal, citing both patient abuse and witness tampering.

¶ 5 Petitioner filed for unemployment benefits on January 5, 2003. The Department denied her request, determining that Petitioner had been discharged for just cause and that "[a]n additional disqualification under [Utah Code s]ection 35A–4–405(2)(b) ... is pending and will be assessed if you are found guilty by the court."

¶ 6 Subsequently, Petitioner found work with a new employer, earned six times her weekly benefit amount, and began receiving benefits the week of March 16, 2003.[1] She was paid over $4000 in unemployment insurance benefits for this 2003 claim.

¶ 7 On March 26, 2003, Petitioner entered into a plea in abeyance agreement on both the charges for abuse of a vulnerable adult and witness tampering.[2] Petitioner complied with the terms of the plea agreement, and both charges were ultimately dismissed. However, she did not report the plea in abeyance to the Department.

¶ 8 Instead, Petitioner continued to receive benefits until she filed a new claim for unemployment benefits, effective January 12, 2004, in which she reported the plea in abeyance agreement. The Department determined that Petitioner had admitted guilt to a class A misdemeanor in connection with her work, and denied her benefits for a period of fifty-two weeks from the date of her discharge pursuant to section 35A–4–405(2)(b). *See id.* § 35A–4–405(2)(b). Additionally, the Department determined that Petitioner had received benefits to which she was not entitled and issued a separate decision establishing a fault overpayment of $3,629.[3]

¶ 9 Petitioner appealed this decision to an Administrative Law Judge (ALJ), who affirmed the Department's decision to deny Petitioner benefits pursuant to section 35A–4–405(2)(b), and determined that the evidence established a fault overpayment of $4,480 and a nonfault overpayment of $146. Next, Petitioner appealed the ALJ's decision to the Appeals Board, which affirmed. The Appeals Board specifically found that Petitioner was discharged "after she admitted to having committed a class A misdemeanor while attempting to subvert an investigation into the charges of patient abuse." [4] The Appeals Board also found that the fault overpayment was actually $4,573. Petitioner now seeks this court's review.

## ANALYSIS

### A. Discharge for a Crime

■ ¶ 10 Petitioner argues that Respondent erroneously determined that Utah Code section 35A–4–405(2)(b) was applicable to make her ineligible for unemployment benefits for a fifty-two week period. This issue presents a mixed question of law and fact. "[W]e will not disturb [an agency's] application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality." *Johnson v. Department of Employment Sec.*, 782 P.2d 965, 968 (Utah Ct.App.1989).

¶ 11 Section 35A–4–405(2)(b) makes an individual ineligible for benefits:

> For the week in which he was discharged for dishonesty constituting a crime or any felony or class A misdemeanor in connection with his work as shown by

1. An individual is ineligible for benefits until she has earned six times the weekly benefit amount if "the claimant was discharged for just cause or for an act or omission in connection with employment, not constituting a crime, which is deliberate, willful, or wanton and adverse to the employer's rightful interest." Utah Code Ann. § 35A–4–405(2)(a) (2001).

2. The Appeals Board decision states that the patient abuse charge was dismissed in exchange for Petitioner's plea in abeyance for attempted witness tampering.

3. In the event of a fault overpayment, the claimant is required to repay the sum to the Department. *See* Utah Code Ann. § 35A–4–406(4)

(2001). For a nonfault overpayment, the claimant "is not liable to repay the sum but shall be liable to have the sum deducted from any future benefits payable to [her]." *Id.* § 35A–4–406(5)(a).

4. The ALJ mistakenly stated that abuse of a disabled adult was a class A misdemeanor. Actually, this offense is a class C misdemeanor, *see* Utah Code Ann. § 76–5–111(3)(c) (2003), and cannot be a basis for denial of benefits under section 35A–4–405(2)(b). *See id.* § 35A–4–405(2)(b) (2001).

the facts, together with his admission, or as shown by his conviction of that crime in a court of competent jurisdiction and for the 51 next following weeks.

*Id.* § 35A–4–405(2)(b). · This section is further detailed in R994–405–210(1) of the Utah Administrative Code, which provides:

> Before a claimant may be disqualified under the provisions of Subsection 35A–4–405(2)(b), it must be established that the claimant was discharged for a crime that was:
>
> (a) In connection with work, and
>
> (b) Dishonest or a felony or class A misdemeanor, and
>
> (c) Admitted or established by a conviction in a court of law.

Utah Admin. Code R994–405–210.

■ ¶ 12 Petitioner first argues that Respondent unreasonably concluded that she was discharged for a crime constituting a class A misdemeanor. At most, Petitioner argues, she was discharged for a abusing a vulnerable adult patient in her care—a class C misdemeanor. This argument is without merit because the December 11, 2002 discharge letter from the USDC to Petitioner indicates that Petitioner was discharged for both abusing a vulnerable adult and attempted witness tampering—class C and class A misdemeanors, respectively.[5]

■ ¶ 13 Next, Petitioner argues that even if she was discharged for a class A misdemeanor, it was not in connection with work. This argument is similarly without merit because, as the Appeals Board indicated, the factor "in connection with work" is

> not limited to offenses that take place on the employer's premises or during business hours nor does the employer have to be the victim of the crime. However, the crime must have affected the employer's rightful interests.... Legitimate employer

interests include goodwill, efficiency, business costs, employee morale, discipline, honesty, trust and loyalty.

Utah Admin. Code R994–405–211. Calling her employer's medical director and asking him to lie, on the record, impugns the entire gamut of the employer's interests, from goodwill to loyalty. Thus, Respondent acted reasonably and rationally in determining that Petitioner's attempted witness tampering was in connection with work.

■ ¶ 14 Finally, Petitioner argues that Respondent unreasonably concluded that the class A misdemeanor was "[a]dmitted or established by a conviction in a court of law," Utah Admin. Code R994–405–210(1)(c), because a plea in abeyance that ultimately results in a dismissal does not constitute an admission to or a conviction of a crime.[6] We disagree, and conclude that entering into a plea in abeyance for a class A misdemeanor constitutes an admission, if not a conviction, to that crime for the purposes of section 35A–4–405(2)(b).

¶ 15 Utah Code section 77–2a–1 defines "plea in abeyance" as

> an order by a court, upon motion of the prosecution and the defendant, accepting a plea of guilty or of no contest from the defendant but not, at that time, entering judgment of conviction against him nor imposing sentence upon him on condition that he comply with specific conditions as set forth in a plea in abeyance agreement.

Utah Code Ann. § 77–2a–1 (2003).

¶ 16 Under R994–405–213 of the Utah Administrative Code, an admission in the context of Utah Code section 35A–4–405(2)(b) means "a voluntary statement, verbal or written, in which a claimant acknowledges committing an act in violation of the law." Utah Admin. Code R994–405–213(1). In order to enter a plea in abeyance, the court had to "accept[ ] a plea of guilty or of no contest"

---

**5.** Petitioner claims that she was discharged by a November 13, 2002 letter, which cited only abuse of a vulnerable adult as the reason. However, this letter, an internal correspondence from the USDC's superintendent to its director, merely reports the results of the USDC's internal human resource investigation. It could not have discharged Petitioner because it was not addressed to Petitioner. The actual letter of discharge,

from the director of the USDC to Petitioner, dated December 11, 2002, cited both abuse of a vulnerable adult and attempted witness tampering as reasons for discharge.

**6.** We have found no Utah appellate cases addressing this issue.

from Petitioner. Utah Code Ann. § 77–2a–1. "A plea of guilty is an acknowledgment that the accused is guilty of the offense charged." *Id.* § 77–13–2(2) (2003). Accordingly, if Petitioner pleaded guilty[7] to attempted witness tampering, she "acknowledged committing an act in violation of the law," Utah Admin. Code R994–405–213, and admitted the crime for the purposes of Utah Code section 35A–4–405(2)(b), even though the plea was held in abeyance and ultimately dismissed.

¶ 17 Similarly, although it is less clear that a "plea of no contest" constitutes an admission for the purposes of section 35A–4–405(2)(b), we conclude that it does. "A plea of no contest indicates the accused does not challenge the charges ... and if accepted by the court shall have the same effect as a plea of guilty...." Utah Code Ann. § 77–13–2(3). If Petitioner pleaded no contest to the charges, without having that plea held in abeyance, there would be no question that she would be ineligible for benefits under section 35A–4–405(2)(b). *See* Utah Admin. Code R994–405–213(2) ("Under Subsection 35A–4–405(2)(b), a plea of 'no contest' is considered a conviction" for administrative purposes). Because Petitioner's plea, be it guilty or no contest, was held in abeyance and the charge ultimately dismissed, no conviction resulted. However, it would be illogical and inconsistent with provisions of the Employment Security Act as a whole to permit Petitioner and other like claimants to utilize the combination of a no contest plea and a plea in abeyance to create a loophole in section 35A–4–405(2)(b). Such would be contrary to the overarching purpose of section 35A–4–405, which is to make certain classes of workers ineligible for benefits, including those discharged for serious crimes. *See* Utah Code Ann. § 35A–4–405.

¶ 18 Moreover, there is contextual support in the Utah Administrative Code for the conclusion that a no contest plea held in abeyance constitutes an admission for the purposes of section 35A–4–405(2)(b). Rule R994–405–213(1)(a) provides that "[i]f a claimant agrees to a diversionary program as permitted by the court, there is a rebuttable presumption, for the purposes of this Subsection [35A–4–405(2)(b)], that the claimant has admitted the criminal act." Utah Admin. Code R994–405–213(1)(a). In a diversionary program, criminal proceedings are suspended or dismissed prior to conviction, upon the individual's compliance with specified conditions, without that individual necessarily entering a plea. *See* Utah Code Ann. §§ 77–2–2(2), –6 (2003). By comparison, in a plea in abeyance, the individual must first enter a plea of guilty or of no contest and comply with specified conditions before the charges are dismissed or reduced. *See id.* §§ 77–2a–1(1), –3. Based on this comparison, it would be incongruous to presume that an individual entering into a diversionary program has admitted the criminal act, while an individual entering a plea in abeyance has not. Therefore, we hold that a plea of no contest as part of a plea in abeyance agreement constitutes an admission to a crime for the purpose of making an individual ineligible for unemployment benefits pursuant to section 35A–4–405(2)(b).

### B. Fault Overpayment

¶ 19 Petitioner's final argument is that Respondent unreasonably determined that Petitioner is liable to repay benefits received in the amount of $4,573 for a "fault overpayment."[8] We disagree.

¶ 20 "[W]e will not disturb [an agency's] application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality." *Johnson v. Department of Employment Sec.*, 782 P.2d 965, 968 (Utah Ct.App.1989).

¶ 21 Utah Code section 35A–4–406(4)(b) provides:

> If any person, by reason of his own fault, has received any sum as benefits under this chapter to which under a redetermination or decision pursuant to this section he has been found not entitled, he shall repay

---

7. The record does not indicate whether Petitioner entered her plea in abeyance as a guilty plea or a plea of no contest.

8. Petitioner does not challenge the amount itself as erroneous, only Respondent's conclusion that she received a fault overpayment that she was liable to repay.

the sum, or shall, in the discretion of the division, have the sum deducted from any future benefits payable to him, or both. Utah Code Ann. § 35A–4–406(4)(b). Additionally, R994–406–403(1) provides that fault is established if the following three elements are present: (a) materiality—"[b]enefits were paid to which the claimant was not entitled"; (b) control—"[b]enefits were paid based on incorrect information or an absence of information which the claimant reasonably could have provided"; and (c) knowledge— "[t]he claimant had sufficient notice that the information might be reportable." Utah Admin. Code R994–406–403(1).

¶ 22 Based on this authority, Respondent reasonably concluded that a fault overpayment was established. Petitioner received $4,573 worth of benefits by earning six times her weekly benefit amount—a valid entitlement if she were only discharged for just cause. *See* Utah Code Ann. § 35A–4–405(2)(a). However, Petitioner was discharged for just cause and for a class A misdemeanor in connection with work, which she admitted, making her ineligible for benefits for fifty-two weeks. Therefore, materiality is established because Petitioner failed to wait the requisite fifty-two weeks for the crime disqualification, instead receiving $4,573 worth of benefits to which she was not entitled. Control is established because the Department paid Petitioner benefits without knowing that she had entered into a plea in abeyance for the class A misdemeanor—information Petitioner could have provided. After all, "when a claimant has knowledge that certain information may affect his claim, but makes his own determination that the information is not material or if he ignores it, he is at fault." Utah Admin. Code R994–406–403(2). Finally, knowledge was established because Petitioner was informed, when her original claim for unemployment benefits was denied, that she had an additional disqualification pending. Accordingly, we affirm Respondent's decision establishing a fault overpayment of $4,573.

## CONCLUSION

¶ 23 In sum, we affirm Respondent's decision denying Petitioner benefits for a fifty-two week period for being discharged for a crime and establishing a fault overpayment of $4,573 and a nonfault overpayment of $146, which Petitioner is required to repay. Respondent reasonably concluded that (1) Petitioner was discharged for a class C and a class A misdemeanor, (2) the class A misdemeanor was in connection with work, (3) Petitioner admitted the class A misdemeanor when she entered into a plea in abeyance agreement, and (4) Petitioner was at fault in receiving $4,573 worth of benefits to which she was not entitled.

¶ 24 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and GREGORY K. ORME, Judge.