2014 UT App 47

**Troy B. ANDERSON, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

No. 20130781–CA.

Court of Appeals of Utah.

Feb. 21, 2014.

Troy B. Anderson, Petitioner Pro Se.

Amanda B. McPeck, Attorney for Respondent.

Before Judges GREGORY K. ORME, CAROLYN B. McHUGH, and PAMELA T. GREENWOOD.[1]

Decision

PER CURIAM:

¶ 1 Troy B. Anderson seeks judicial review of the Workforce Appeals Board's (the Board) decision denying his request for unemployment benefits. We affirm.

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by

¶ 2 The Utah Supreme Court recently clarified the standard for reviewing the Board's decisions concerning requests for unemployment benefits. *See Carbon Cnty. v. Workforce Appeals Bd.,* 2013 UT 41, ¶ 7, 308 P.3d 477. Judicial review of Board decisions often presents mixed questions of law and fact. As such, the standard that we employ in reviewing a mixed question "can be either deferential or non-deferential." *Id.* We grant more deference in cases where "the mixed finding is not 'law-like' because it does not lend itself to consistent resolution by a uniform body of appellate precedent, and/or on the premise that the mixed finding is 'fact-like' because the trial court [or agency] is in a superior position to decide it." *Id.* Because of the fact-intensive conclusions involved at the agency level, the appellate court is in an inferior position to review the correctness of the decision and the Board's factual determinations are entitled to deference. *See id.*

¶ 3 Anderson asserts that the Board erred by determining that he was ineligible for unemployment benefits. In doing so, Anderson primarily challenges the factual basis for the Board's determination that he was not entitled to unemployment benefits. Utah Code section 35A–4–405(2)(a) provides that an individual is ineligible for unemployment benefits if the claimant "was discharged for dishonesty constituting a crime." Utah Code Ann. § 35A–4–405(2)(b) (LexisNexis 2013). A plea of no contest constitutes an admission for purposes of section 35A–4–405(2)(b). *See Salzl v. Department of Workforce Servs.,* 2005 UT App 399, ¶ 17, 122 P.3d 691. This court previously determined that if a petitioner pleads no contest to a crime as contemplated by section 35A–4–405, without having that plea held in abeyance, "there [is] no question that [the petitioner] would be ineligible for benefits under 35A–4–405(2)(b)." *Id.*

¶ 4 Utah Administrative Rule R994–405–210 provides that three elements must be satisfied in order to deny benefits on the basis of a petitioner's discharge for committing a workplace crime: (1) the claimant must be discharged for a crime in connection

law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

with his employment, (2) the claimant's conduct must involve dishonesty constituting a crime, and (3) the crime must be established by a conviction in a court of law. *See* Utah Admin. Code R994–405–210.

¶ 5 The record supports the Board's determination that Anderson was ineligible for unemployment benefits under section 35A–4–405. Anderson was discharged from his employment for a crime in connection with his employment. Theft qualifies as "dishonesty constituting a crime." *See* Utah Admin. Code R994–405–210. Anderson pleaded no contest to theft from his employer, which constitutes an admission for purposes of section 35A–4–405(2)(b). *See Salzl,* 2005 UT App 399, ¶ 17, 122 P.3d 691. Thus, the Board correctly determined that Anderson was ineligible for unemployment benefits.

¶ 6 Accordingly, we decline to disturb the Board's ruling.