Jan L. TYLER, Plaintiff and Appellee,

v.

DEPARTMENT OF HUMAN SERVICES, Norman G. Angus, and Charles F. Larsen, Defendants and Appellants.

No. 930428.

Supreme Court of Utah.

April 27, 1994.

Elizabeth T. Dunning, Mary J. Woodhead, Salt Lake City, for plaintiff and appellee.

Jan Graham, Atty. Gen., Linda Luinstra–Baldwin, Carol L. Verdoia, John P. Soltis, Barbara E. Ochoa, Asst. Attys. Gen., for defendants and appellants.

PER CURIAM:

■ Defendants have filed a notice of appeal from an order of the district court compelling discovery.[1] The matter is before this court on plaintiff's motion to dismiss pursuant to rule 10(a)(1) of the Utah Rules of Appellate Procedure. Plaintiff argues that the order appealed is interlocutory in nature and is not appealable as a matter of right. Defendants concede that the order is not a final judgment, but they do not seek an interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure. Instead, defendants claim a right to appeal this order in accordance with the "collateral order" doctrine, or *Cohen* rule,[2] which they assert is a recognized exception to the general rule that only final judgments are reviewable by an appellate court. The state has urged this court to adopt the federal collateral order doctrine in several other cases filed this term. But *Cohen* is not applicable in this case because the order is not one that, in the words of *Cohen*, is a "final disposition of a claimed right" that will escape review entirely if an appeal of right is not allowed. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S.

---

1. The district court ruled that the provisions of the Government Records Access and Management Act, Utah Code Ann. §§ 63–2–101 to –909, do not apply to protect the state against discovery, because discovery in litigated matters is governed by the rules of civil procedure.

2. This doctrine was first enunciated by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). In that case, the Court, interpreting a statute which restricted appellate review to final judgments, ruled that the statute did not exclude review of certain interlocutory orders which do not constitute "steps toward [a] final judgment in which they will merge." *Id.* at 546, 69 S.Ct. at 1225. The Court held the order appealable and stated, "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.*

541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). Indeed, defendants had an avenue to appeal this interlocutory order under rule 5 of the Utah Rules of Appellate Procedure, which they chose not to pursue.

 Three avenues exist in this jurisdiction for securing review of a nonfinal order, one mandatory and two discretionary. The first avenue is to petition this court to grant an interlocutory appeal pursuant to rule 5 of the Utah Rules of Appellate Procedure, as stated above. Review is discretionary with the Utah appellate courts under rule 5. The second avenue is to seek certification of an order under rule 54(b) of the Utah Rules of Civil Procedure.[3] Review is mandatory on the part of the appellate courts if the trial court has validly certified an order as final under rule 54(b). A third possible avenue, usable when neither an appeal of right nor an interlocutory appeal is available, is to invoke this court's power to grant extraordinary relief under rule 65B(e) of the Utah Rules of Civil Procedure.[4] Review is, again, discretionary with the Utah appellate courts under rule 65B(e). The bases for proceeding under these three rules differ from each other, but each provides a method for seeking review of a lower tribunal's order at a time prior to entry of a final appealable judgment. Our rules allowing discretionary review provide parties an opportunity to convince an appellate court that the issue raised is so important that review prior to full adjudication of the case is justified or that the order will escape review altogether if an appeal is not allowed. Utah appellate courts therefore have ample power to consider such an appeal if immediate review is appropriate.

Defendants did not seek permission from this court to file an interlocutory appeal. Because no final judgment has been entered in the case, and defendants have alternative avenues for bringing their claims before Utah appellate courts, they are not entitled to appeal as a matter of right. The motion to dismiss the appeal is granted.

---

3. Under rule 54(b) of the Utah Rules of Civil Procedure, a party may seek certification of finality of an order entered in an action involving multiple claims or multiple parties if the order adjudicates a separate claim, or all of the claims between two or more but fewer than all of the parties, and the trial court finds no just reason for delay. *Kennecott Corp. v. State Tax Comm'n*, 814 P.2d 1099 (Utah 1991); *Pate v. Marathon Steel Co.*, 692 P.2d 765 (Utah 1984).

4. For example, one whose rights are affected by an order entered in a case to which that person is not a party may wish to seek extraordinary relief under rule 65B of the Utah Rules of Civil Procedure upon a showing that no other "plain, speedy and adequate remedy" including appeal is available. Utah R.Civ.P. 65B(a). See *Society of Professional Journalists v. Bullock*, 743 P.2d 1166 (Utah 1987), *KUTV v. Conder*, 668 P.2d 513 (Utah 1983), and *KUTV v. Conder*, 635 P.2d 412 (Utah 1981), all decided under earlier versions of the rule.