STATE of Utah, Plaintiff and Appellee,

v.

Vao Boyd **HUNSAKER,** Defendant and Appellant.

No. 960234–CA.

Court of Appeals of Utah.

Feb. 21, 1997.

■■■■■■■■■■■■■■■

Michael D. Bouwhuis, Ogden, for Appellant.

Jan Graham, Attorney General, and Kris C. Leonard, Assistant Attorney General, Criminal Appeals Division, Salt Lake City, for Appellee.

Before DAVIS, P.J., WILKINS, Associate P.J., and GREENWOOD, J.

PER CURIAM:

Defendant appeals the trial court's judgment and order on his plea in abeyance agreement. We dismiss the appeal for lack of jurisdiction.

A plea in abeyance is defined as

an order by a court, upon motion of the prosecution and the defendant, accepting a plea of guilty or of no contest from the defendant *but not, at that time, entering judgment of conviction against him nor imposing sentence upon* him on condition that he comply with specific conditions as set forth in a plea in abeyance agreement.

Utah Code Ann. § 77–2a–1(1) (1995) (emphasis added). In criminal cases, the sentence itself is the final judgment from which an appeal can be taken. *State v. Gerrard,* 584 P.2d 885, 886 (Utah 1978). Because defendant has not been sentenced, the appeal was not taken from a final order, and this court lacks jurisdiction to consider the appeal. Further, this court recently stated that the plain language of section 77–2a–1 "reveals that a plea in abeyance is not a final adjudication." *State v. Moss,* 921 P.2d 1021, 1025 n. 7 (Utah.Ct.App.1996).

Appeal dismissed.