2014 UT App 174

**STATE of Utah, Plaintiff and Appellee,**

v.

**Jeanette Victoria MILLWARD, Defendant and Appellant.**

**No. 20130022–CA.**

Court of Appeals of Utah.

July 25, 2014.

Nathalie S. Skibine, for Appellant.

Sean D. Reyes and Daniel W. Boyer, for Appellee.

Senior Judge JUDITH M. BILLINGS authored this Memorandum Decision, in which Judges GREGORY K. ORME and STEPHEN L. ROTH concurred.[1]

### Memorandum Decision

BILLINGS, Senior Judge:

¶1 Jeanette Victoria Millward appeals from the denial of her motion to withdraw her plea in abeyance. We dismiss her appeal for lack of jurisdiction.

¶2 As Millward recognizes, "[t]he law is well-settled that, because there has been no final judgment, a direct appeal cannot be taken from a plea in abeyance agreement." *State v. Comer*, 2002 UT App 219, ¶14, 51 P.3d 55; *see also State v. Hunsaker*, 933 P.2d 415, 416 (Utah Ct.App.1997) (per curiam); *State v. Moss*, 921 P.2d 1021, 1025 n. 7 (Utah Ct.App.1996). Thus, under well-

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

settled law, Millward is not guaranteed an appeal as of right.

¶3 Notwithstanding the settled nature of the law on this issue, Millward asks that we overturn our prior precedent and consider her appeal. The doctrine of stare decisis, "under which the first decision by a court on a particular question of law governs later decisions by the same court, is a cornerstone of the Anglo–American jurisprudence that is crucial to the predictability of the law and the fairness of adjudication." *State v. Menzies*, 889 P.2d 393, 399 (Utah 1994) (citation and internal quotation marks omitted). Therefore, "[t]hose asking us to overturn prior precedent have a substantial burden of persuasion." *Id.* at 398. Millward has not met this burden.

¶4 Millward argues that we should depart from precedent because it is not "weighty." We disagree. The rule is well established and sound. "In criminal cases, the sentence itself is the final judgment from which an appeal can be taken." *Hunsaker*, 933 P.2d at 416 (citing *State v. Gerrard*, 584 P.2d 885, 886 (Utah 1978)). The Utah Code defines a plea in abeyance as "an order . . . accepting a plea of guilty or of no contest from the defendant *but not, at that time, entering judgment of conviction against him nor imposing sentence upon him* on condition that he comply with specific conditions as set forth in a plea in abeyance agreement." Utah Code Ann. § 77–2a–1(1) (LexisNexis 2012) (emphasis added). The Utah Code also states,

> At any time after acceptance of a plea of guilty or no contest *but prior to entry of judgment of conviction and imposition of sentence,* the court may, upon motion of both the prosecuting attorney and the defendant, hold the plea in abeyance and *not enter judgment of conviction against the defendant nor impose sentence upon the defendant.* . . .

*Id.* § 77–2a–2(1) (emphasis added). Thus, the Utah Code plainly provides "that a plea in abeyance is not a final adjudication." *Moss*, 921 P.2d at 1025 n. 7.

¶5 Millward also argues that our precedent does not address the application of this rule to a person in her position. Again, we disagree. Our prior decision in *State v. Comer*, 2002 UT App 219, 51 P.3d 55, is particularly analogous. In *Comer*, the defendant had filed a motion to suppress, arguing that his constitutional rights were violated by police officers' warrantless entry into his home. *Id.* ¶5. The district court denied the motion to suppress. *Id.* Thereafter the defendant entered into a plea in abeyance agreement, which expressly purported to allow him to appeal the denial of his motion to suppress. *Id.* ¶8. The defendant then appealed to this court. *Id.* The *Comer* court held that "a direct appeal cannot be taken from a plea in abeyance agreement." *Id.* ¶14. The court then dismissed the appeal without prejudice. *Id.*

¶6 Millward raises some concerns about the inability to obtain relief from constitutional violations that happen to a defendant who has entered into a plea in abeyance agreement. However, our rules governing interlocutory review provide an alternate route to obtain this relief: "An appeal from an interlocutory order may be granted only if it appears that the order involves substantial rights and may materially affect the final decision or that a determination of the correctness of the order before final judgment will better serve the administration and interests of justice." Utah R.App. P. 5(f). Thus, relief may still be attainable for a defendant who enters into a plea in abeyance agreement even if there is no appeal as of right from that plea agreement. In sum, Millward has not met her burden of persuading us to overturn our prior precedent.

¶7 Millward argues, in the alternative, that rule 5 of the Utah Rules of Appellate Procedure would allow us to treat her timely appeal "as a petition for permission to appeal an interlocutory order." *See id.* R. 5(a). However, rule 5 allows for such treatment only for "[a] timely appeal from an order certified under Rule 54(b), Utah Rules of Civil Procedure, that the appellate court determines is not final." *Id.* Even were we to agree with Millward that the rule 54(b) exception may apply in criminal cases, *see generally* Utah R. Civ. P. 81(e) ("These rules of procedure shall also govern in any aspect

of criminal proceedings where there is no other applicable statute or rule, provided, that any rule so applied does not conflict with any statutory or constitutional requirement."), we do not see that the exception would be met here. Rule 54(b) has specific requirements, including that "the [district] court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment." *Id.* R. 54(b). There is nothing in the record that would indicate that the order from which Millward appeals meets this requirement.

¶ 8 "Unless an order is certified as final pursuant to rule 54(b) of the Rules of Civil Procedure, any petition seeking interlocutory review must be filed within twenty days of the issuance of the order sought to be appealed." *Powell v. Cannon*, 2008 UT 19, ¶ 25, 179 P.3d 799; *see also* Utah R.App. P. 5(a). Millward's appeal was filed thirty days after the issuance of the order appealed from here. Thus, even if we were to treat her notice of appeal as a petition for permission to appeal an interlocutory order, it would be of no avail. Because the time limitation of rule 5 is jurisdictional, *see Powell*, 2008 UT 19, ¶ 25, 179 P.3d 799, we must dismiss the appeal.[2]

¶ 9 We dismiss this appeal without prejudice and remand to the district court for further proceedings.

---

2. It is unfortunate that the district court misadvised Millward that she had thirty days to file an appeal. But "when subject matter jurisdiction docs not exist, neither the parties nor the court can do anything to fill that void." *Crump v. Crump*, 821 P.2d 1172, 1174 (Utah Ct.App.1991) (citation and internal quotation marks omitted).