**2015 UT App 266**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RYAN MOOERS,
Appellant.

Opinion
No. 20140170-CA
Filed November 5, 2015

Third District Court, West Jordan Department
The Honorable Charlene Barlow
No. 131400410

Nathalie S. Skibine and Heather J. Chesnut,
Attorneys for Appellant

Sean D. Reyes and Tera J. Peterson, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
GREGORY K. ORME and JAMES Z. DAVIS concurred.

TOOMEY, Judge:

¶1      Ryan Mooers appeals from an order to pay restitution.
The primary issue on appeal is whether a restitution order
imposed as a condition of a plea in abeyance agreement, where
the defendant's plea has not been entered and the defendant has
not been sentenced, is a final and appealable order. We conclude
that it is not. We therefore dismiss Mooers's appeal for lack of
jurisdiction.


### BACKGROUND

¶2      In November 2012, a family returned from vacation and
discovered that someone had broken into their house through a

basement window and had taken jewelry and coins. For his role in the crime, Mooers was charged with burglary, a second degree felony, and theft, a third degree felony.

¶3 Mooers ultimately pled guilty to theft and admitted to aiding "others in entering a home" and to taking items worth between $1,500 and $5,000. As part of the plea deal, Mooers agreed to attend a theft class, to pay "costs as ordered by the court," and to pay restitution. The court signed Mooers's plea form but did not enter his plea. Instead, it held the plea in abeyance for eighteen months and ordered Mooers to "pay restitution jointly and severally with the other co-defendants." It gave the State ninety days to determine the amount of restitution.

¶4 Later, as requested by the State, the court ordered Mooers to pay $5,760.50 in restitution. This sum included $1,100 for installing security bars on the basement window through which the thieves entered the family's house. Mooers agreed to pay everything except for this cost and requested an evidentiary hearing to establish the grounds for making him responsible for this expense.

¶5 At the evidentiary hearing, Mooers argued that he was not responsible for the cost of installing bars on the broken window and, in any event, those costs were not pecuniary damages as defined by Utah Code section 76-3-201. The court disagreed and again ordered Mooers to pay $5,760.50.[1] Mooers now appeals the restitution order.

---

1. Although the court indicated that "[t]his is the final order of the Court and no other order needs to be prepared," such language is not dispositive. In context, the order is properly viewed as the last order with regard to restitution, apparently intended to comply with the Utah Supreme Court's direction in *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966. *See id.*

(continued…)

ISSUES AND STANDARD OF REVIEW

¶6      Mooers's primary contention on appeal is that the trial court erred in concluding that the cost of installing the security bars constitutes "pecuniary damages" under the Crime Victims Restitution Act. *See* Utah Code Ann. § 77-38a-102(6) (LexisNexis 2012). But before we reach this issue, we must address the State's preliminary argument that this court "lacks jurisdiction to consider [Mooers's] appeal because the restitution order is not a final judgment or sentence."

¶7      Whether we have jurisdiction is a question of law requiring us to examine the "plain meaning of the [relevant] statute." *Housing Auth. of County of Salt Lake v. Snyder*, 2002 UT 28, ¶ 10, 44 P.3d 724. "[O]ur primary goal is to effectuate the intent of the Legislature. . . . [W]e read . . . the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters." *Meza v. State*, 2015 UT 70, ¶ 10 (second alteration in original) (citations and internal quotation marks omitted).

ANALYSIS

I. A Plea in Abeyance Is Not a Final Judgment of Conviction.

¶8      "A defendant may, as a matter of right, appeal from . . . a final judgment of conviction, whether by verdict or plea . . . ."

---

(…continued)
¶ 32 (indicating that "whenever" a court intended for any document to constitute a final action, "the court must explicitly direct that no additional order is necessary" (citation and internal quotation marks omitted)). But the order's language does not control whether this court has appellate jurisdiction over an appeal from a restitution order issued while the district court is holding a plea in abeyance.

Utah Code Ann. § 77-18a-1(1) (LexisNexis 2012); *see also* Utah R. App. P. 3(a). "In the technical legal sense, sentence is ordinarily synonymous with judgment . . . ." *State v. Fedder*, 262 P.2d 753, 755 (Utah 1953). Accordingly, in criminal cases, "[i]t is the sentence itself which constitutes a final judgment from which appellant has the right to appeal." *State v. Gerrard*, 584 P.2d 885, 886 (Utah 1978).

¶9 A plea in abeyance, as the word "abeyance" itself suggests, is not a sentence or a final judgment of conviction. Rather, it is

> an order by a court, upon motion of the prosecution and the defendant, accepting a plea of guilty or of no contest from the defendant but not, at that time, entering judgment of conviction against him nor imposing sentence upon him on condition that he comply with specific conditions as set forth in a plea in abeyance agreement.

Utah Code Ann. § 77-2a-1(1) (LexisNexis 2012). If a defendant successfully completes the conditions specified in the plea in abeyance agreement, a court may "reduce the degree of the offense and enter judgment of conviction," *id.* § 77-2a-3(2)(a), or "allow withdrawal of defendant's plea and order the dismissal of the case," *id.* § 77-2a-3(2)(b). If, during the term of the agreement,

> the court finds that the defendant has failed to substantially comply with any term or condition of the plea in abeyance agreement, it may terminate the agreement and enter judgment of conviction and impose sentence against the defendant for the offense to which the original plea was entered.

*Id.* § 77-2a-4(1).

¶10 As Utah appellate courts have consistently explained, the plain language of these statutes provides that "[a]cceptance of a

plea in abeyance and the entry of judgment of conviction and the imposition of sentence are not simultaneous events." *State v. Moss*, 921 P.2d 1021, 1025 n.7 (Utah Ct. App. 1996). "Had the Legislature intended a plea in abeyance to constitute a conviction . . . , it would have so provided in the statute authorizing such pleas. But it did not. Rather, the statute provides to the contrary." *Meza*, 2015 UT 70, ¶ 18; *see also id.* ¶¶ 7–8 (holding that "no judgment of conviction is entered pending completion of a plea-in-abeyance agreement," and that a successfully completed plea in abeyance, where the court allows the defendant to withdraw his plea and dismisses the case, is not a conviction); *State v. Millward*, 2014 UT App 174, ¶ 4, 332 P.3d 400 (explaining that the Utah Code plainly provides that a plea in abeyance is not a final adjudication); *Salzl v. Department of Workforce Servs.*, 2005 UT App 399, ¶ 14, 122 P.3d 691 (providing that a plea in abeyance for a crime "constitutes an admission, . . . not a conviction, to that crime" for the purpose of making an individual ineligible for unemployment benefits); *State v. Hunsaker*, 933 P.2d 415, 416 (Utah Ct. App. 1997) (per curiam) (dismissing an appeal from a trial court's order regarding a plea in abeyance agreement for lack of jurisdiction for not being a final judgment); *Moss*, 921 P.2d at 1025 n.7 (providing that the plain language of the plea in abeyance statutes "reveals that a plea in abeyance is not a final adjudication"). Consistent with these cases, we conclude that a plea in abeyance is neither a sentence nor a final judgment, and therefore does not give rise to a right to appeal.

## II. A Restitution Order Entered as a Condition of a Plea in Abeyance Agreement Is Not an Exception to the Final Judgment Rule.

¶11 Mooers argues that restitution orders under the Crime Victims Restitution Act are exceptions to the final-judgment rule and are "appealable orders independent of conviction." This issue has not been directly addressed by any Utah appellate court.

¶12    Mooers's argument relies heavily on *State v. Gibson*, 2009 UT App 108, 208 P.3d 543, in which we reviewed a trial court's denial of a defendant's motion to withdraw her guilty plea. *Id.* ¶¶ 7–8, 10. As part of a plea in abeyance agreement, the defendant was ordered to pay restitution. *Id.* ¶¶ 3–4. She disputed the amount and requested a hearing, after which the court set restitution at nearly $240,000. *Id.* The defendant later moved to amend the order, arguing that the total figure was incorrect. *Id.* ¶ 4. Although the court denied her motion, the defendant did not appeal and instead sought to withdraw her plea. *Id.* ¶¶ 4–6. The trial court denied her request and imposed a sentence for failing to pay restitution as required by the conditions of the plea in abeyance agreement. *Id.* ¶¶ 6–7. We upheld the trial court's decision, noting that the defendant could have appealed the restitution order after the restitution hearing, *id.* ¶¶ 15–16, and in a footnote, stated, "The Crime Victims Restitution Act specifies that a judgment under that act has the same effect as an ordinary judgment," *id.* ¶ 15 n.5 (citing Utah Code Ann. § 77-38a-401(4) (2008)).

¶13    Mooers argues that *Gibson*'s "parallel holding that the restitution order was independently appealable" is precedent that affords him the right to appeal the restitution order in this case. We disagree. The opinion's brief statement on this point was "not within the issue of that case, and is therefore not authoritative here." *See Lagoon Jockey Club v. Davis County*, 270 P. 543, 549 (Utah 1928). The *Gibson* court was asked to consider whether the trial court "misapplied the law when determining that [the defendant's] guilty plea was knowing and voluntary." *Gibson*, 2009 UT App 108, ¶ 8. In seven paragraphs, we thoroughly discussed this question. *See id.* ¶¶ 9–15. Only in passing—supported by a single footnote—did we address whether the defendant could have appealed the restitution order. *See id.* ¶ 15 & n.5. We therefore conclude that *Gibson*'s statement about the right to appeal a restitution order is dicta, in which case, it

may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.

*See Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399–400 (1821).

¶14 Similarly, the Utah Supreme Court's decision in *Meza* includes dicta that might suggest that a plea in abeyance is an exception to the final-judgment rule under the Crime Victims Restitution Act. *See Meza v. State*, 2015 UT 70, ¶ 17. There, the court was asked to consider whether a successfully completed plea in abeyance agreement, where the case was dismissed after the defendant met the conditions of the agreement, is a conviction for the purposes of the Post-Conviction Remedies Act. *Id.* ¶¶ 7–8. It concluded that a case dismissed under these circumstances is not a conviction. *Id.* ¶ 18. In reaching this conclusion, the court identified examples in which the legislature designated pleas in abeyance in certain contexts as the same as convictions, which included pleas in abeyance under the Crime Victims Restitution Act. *See id.* ¶ 17. This discussion of the Act begins and ends in two sentences and does not go to the matter decided. *See id.* Thus, the *Meza* court's statement on this hypothetical situation is also dicta and is not binding.[2]

---

2. Although a plea in abeyance is "a 'plea of guilty or of no contest,'" as *Meza v. State* suggests, it is explicitly *not* a conviction under the Crime Victims Restitution Act. *See* 2015 UT 70, ¶ 17 (quoting Utah Code Ann. § 77-38a-109(2)). The Act defines a "plea in abeyance" as "an order by a court . . . accepting a plea of guilty or of no contest from the defendant but not, at that time,

(continued…)

¶15    Statutes that treat a plea in abeyance agreement as an exception to the usual rule that a plea in abeyance is not the equivalent of a conviction do so explicitly.[3] This feature of other statutes bolsters our conclusion that if the Utah Legislature intended to create an exception to the final-judgment rule for restitution orders imposed as a condition in a plea in abeyance agreement, it would have done so explicitly, but it did not.

¶16    The only language in the Crime Victims Restitution Act that suggests a restitution order is a final judgment lies in section 77-38a-401, which states that a restitution order "shall be considered a legal judgment, enforceable under the Utah Rules of Civil Procedure," Utah Code Ann. § 77-38a-401(2) (LexisNexis

---

(…continued)

entering judgment of conviction against him nor imposing sentence upon him." Utah Code Ann. § 77-38a-102(8) (LexisNexis 2012). When a court accepts a plea in abeyance and orders restitution under the Act, it does not enter judgment of conviction or impose sentence at that time. *See id.* Thus, *Meza*'s brief statement on this issue is not controlling.

3. Several statutes explicitly treat a plea in abeyance as a conviction. *See, e.g.*, Utah Code Ann. § 77-36-1.1(3) (LexisNexis 2012) (providing that "a plea of guilty or no contest to any qualifying domestic violence offense in Utah which plea is held in abeyance . . . is the equivalent of a conviction, even if the charge has been subsequently reduced or dismissed"); *id.* § 17-16-10.5(2)(c) (2013) (providing that "[e]ntry of a plea in abeyance [in malfeasance in office cases] is the equivalent of a conviction . . . even if the charge is later dismissed pursuant to a plea in abeyance agreement"); *id.* § 76-9-301.7 (2012) (providing that a conviction in cruelty to animal cases "means a conviction by plea or by verdict, including a plea of guilty or no contest that is held in abeyance . . . regardless of whether the charge was, or is, subsequently reduced or dismissed in accordance with the plea in abeyance agreement").

2012), and "shall have the same [e]ffect . . . as a judgment in a civil action," *id.* § 77-38a-401(4). But we are not convinced the legislature intended to make a restitution order in this context an order appealable by the defendant. Rather, this section refers to whether the order may be enforced by the victim, the court, or creditors. *Id.* § 77-38a-401. In relevant part, it states,

> The order shall be considered a legal judgment, enforceable under the Utah Rules of Civil Procedure. In addition, the [Department of Corrections] may, on behalf of the person in whose favor the restitution order is entered, enforce the restitution order as judgment creditor under the Utah Rules of Civil Procedure. . . . If the defendant fails to obey a court order for payment of restitution and the victim or department elects to pursue collection of the order by civil process, the victim shall be entitled to recover collection and reasonable attorney fees. . . . [A] judgment ordering restitution when entered on the civil judgment docket shall have the same [e]ffect and is subject to the same rules as a judgment in a civil action and expires only upon payment in full, which includes applicable interest, collection fees, and attorney fees.

*Id.* § 77-38a-401(2) to (4).

¶17    This section of the Act does not refer to the right to appeal, nor does it indicate that a restitution order is considered a conviction or sentence for purposes of appeal. Instead, the finality in the Act invokes a victim's, court's, or creditor's ability to enforce the payment of restitution. This enforcement provision helps fulfill the purposes of restitution—to "compensate the victim for pecuniary damages" and "rehabilitate and deter the defendant, and others, from future illegal behavior." *See State v. Laycock*, 2009 UT 53, ¶ 18, 214 P.3d 104. Without this provision, which requires the court to enter the

restitution order on a civil docket, there is no judgment entered by which a victim can hold the defendant accountable for restitution.

¶18    Mooers is concerned that not being able to directly appeal the restitution order puts him in the untenable situation of either paying an "improper restitution amount" or facing the consequences of not fulfilling the conditions of the agreement. But as our court has explained, "relief may still be attainable for a defendant who enters into a plea in abeyance agreement even if there is no appeal as of right from that plea agreement." *State v. Millward*, 2014 UT App 174, ¶ 6, 332 P.3d 400. Indeed, we recognize that, without the legislature's express consent, there are available at least two of the "[t]hree avenues . . . for securing review of a nonfinal order." *Tyler v. Department of Human Servs.*, 874 P.2d 119, 120 (Utah 1994) (per curiam). The first is a petition requesting interlocutory review pursuant to rule 5 of the Utah Rules of Appellate Procedure. The second is to request extraordinary relief under rule 65B of the Utah Rules of Civil Procedure. Although "[t]he bases for proceeding under these [rationales] differ from each other, . . . each provides a method for seeking review of a lower tribunal's order at a time prior to entry of a final appealable judgment."[4] *Id.* "Our rules allowing discretionary review provide parties an opportunity to convince an appellate court that the issue raised is so important that review prior to full adjudication of the case is justified or that the order will escape review altogether if an appeal is not allowed." *Id.*

---

4. The third avenue mentioned in *Tyler v. Department of Human Services*, 874 P.2d 119, 120 (Utah 1994) (per curiam)—seeking certification of an order under rule 54(b) of the Utah Rules of Civil Procedure—may not be available in a criminal case. But even if it is, it is not clear that an order of restitution is one that would qualify for certification.

CONCLUSION

¶19    Because we conclude that a plea in abeyance is not a final judgment, and that the restitution order imposed as a condition to the plea in abeyance agreement is not an exception to the final-judgment rule, we do not reach the merits of Mooers's appeal and dismiss his appeal.

———————