**2015 UT App 304**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DARRON LAVEN BECKER,
Appellant.

Memorandum Decision
No. 20131151-CA
Filed December 24, 2015

Third District Court, Salt Lake Department
The Honorable Ann Boyden
No. 131902981

Debra M. Nelson and Lacey C. Singleton, Attorneys
for Appellant

Sean D. Reyes and Tera J. Peterson, Attorneys
for Appellee

JUDGE STEPHEN L. ROTH authored this Memorandum Decision, in
which JUDGES MICHELE M. CHRISTIANSEN and JOHN A. PEARCE
concurred.

ROTH, Judge:

¶1     Darron Laven Becker appeals an order of restitution. We
dismiss the appeal for lack of jurisdiction.

¶2     Becker was charged with third degree felony aggravated
assault based on allegations that he had attacked and struck his
neighbor. Becker entered into a plea-in-abeyance agreement on a
reduced charge of class A misdemeanor attempted aggravated
assault. The agreement described the factual basis for the assault
to be that "on or about March 2, 2013, . . . Becker attempted to hit
his neighbor with the handle of a shovel during an argument
regarding loose dogs." Among other things, the plea agreement

required Becker to pay restitution for damages suffered by the neighbor. The parties agreed to reserve the amount of restitution for a later hearing. The district court accepted the plea and held it in abeyance for twenty-four months. It also ordered the State to submit documentation supporting an order of restitution within ninety days.

¶3    Two months later, the State filed a motion for restitution, to which it attached a "Restitution/Subrogation Notice" from the Utah Office for Victims of Crime (OVC). The notice listed Becker as the defendant and identified the date, location, and type of crime. It then stated that OVC had paid the neighbor $663.01 to replace a "Medically Necessary Device" and that OVC requested reimbursement for that pay-out. Attached to the notice was a list of payments indicating that OVC had paid the neighbor $39 for a "Medically Necessary Device" received on March 4, 2013, and $624.01 for a "Medically Necessary Device" received on March 6, 2013. No other documentation or description of the damages was included with the motion for restitution. Becker objected to the motion, arguing that the documentation was insufficient to support the requested restitution. The court set the matter for a restitution hearing.

¶4    At the hearing, the State explained to the court that the medically necessary devices listed in OVC's notice appeared to be for an eye exam and eyeglasses, respectively. In support, the State presented a handwritten document submitted by the neighbor. The document, which was addressed to the prosecutor, identified Becker's case number and then listed two categories of "Monetary Damages": $39 for an eye exam and $624 for eyeglasses.[1] After the State represented that OVC had

_____

1. These figures total $663, and the breakdown very nearly aligns with OVC's itemization of the medically necessary devices. It is not apparent why OVC paid an additional $0.01 on the eyeglasses.

paid the claim "just based on [the handwritten documentation before the court] in conjunction with the police report," Becker "strenuously object[ed]," arguing that restitution, whether paid by OVC or not, could not be "based on a handwritten piece of notebook paper." Accordingly, Becker argued that there was not "enough information right now . . . [to] know what exactly this claim was" and how it related to his attempted aggravated assault charge.

¶5      Although the district court expressed doubt that the State would be able to produce more restitution information, it agreed to set another restitution hearing six weeks later "to give [the parties] some time to see if in fact [the OVC payment] is not what it claims to be." The court explained that unless Becker came up with something that undercut OVC's decision to reimburse the neighbor, it planned to order restitution in the amount of $663.01.

¶6      By the time of the second restitution hearing, the State had not received any further documentation. Over Becker's objection that there was insufficient evidence to find that the "damage was directly caused by Mr. Becker's criminal conduct," the court determined that the documentation included "sufficient foundation and nexus" between the requested damages and the criminal conduct. Accordingly, the court ordered Becker to pay restitution in the amount of $663.01 plus interest. Becker appeals.

¶7      As a threshold matter, we must determine whether we have jurisdiction to consider Becker's appeal. *See Robinson v. Baggett*, 2011 UT App 250, ¶ 12, 263 P.3d 411. The State contends that this court does not have jurisdiction to consider Becker's appeal because "a plea in abeyance does not result in a final judgment unless and until a conviction is entered or a case is dismissed." Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final . . . ." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (citation omitted). "Where

an appeal is not properly taken, [an appellate] court lacks jurisdiction and . . . must dismiss." *Id.* ¶ 8.

¶8    While this case was under advisement, another panel of this court decided *State v. Mooers*, 2015 UT App 266, *petition for cert. filed*, Dec. 2, 2015 (No. 20150996). *Mooers* held that we lack jurisdiction to consider appeals regarding restitution orders under the Crime Victims Restitution Act (the Act) when a defendant appeals that restitution order during the plea-in-abeyance period. *Id.* ¶ 19; *see also* Utah Code Ann. §§ 77-38a-101 to -601 (LexisNexis 2012). In *Mooers*, the defendant appealed a trial court's determination that all of the ordered restitution fell within the scope of amounts recoverable, contending that over $1,000 of the ordered restitution monies did not constitute "pecuniary damages" under the Act. *Mooers*, 2015 UT App 266, ¶¶ 5–6; *see also* Utah Code Ann. § 77-38a-102(6). The defendant in *Mooers* filed his appeal while his plea-in-abeyance probationary period was still in effect. *Mooers*, 2015 UT App 266, ¶¶ 3–6. A panel of this court determined that we lacked jurisdiction to consider the appeal because there was no final judgment, particularly holding that a restitution order under the Act, as a condition of the plea-in-abeyance agreement, was not an exception to the final order rule. *Id.* ¶ 19. The court reasoned first, that the plain language of the Utah Code, corroborated by our cases, precludes a plea in abeyance from generally operating as or being considered a final adjudication, *id.* ¶¶ 8–10, and, second, that the plain language of the Act prevented a restitution order entered as a condition of a plea-in-abeyance agreement from being an exception to the final judgment rule, *id.* ¶¶ 11–17. In particular, *Mooers* concluded that the language in the Act that might have suggested that a restitution order is final—a restitution order "'shall be considered a legal judgment, enforceable under the Utah Rules of Civil Procedure'" with "'the same [e]ffect . . . as a judgment in a civil action'"—referred to the enforceability of a restitution order "by the victim, the court, or creditors," not the order's appealability by a defendant. *Id.*

¶¶ 16–17 (alteration and omission in original) (quoting Utah Code Ann. § 77-38a-401(2), (4)). Additionally, *Mooers* determined that statements from *State v. Gibson*, 2009 UT App 108, 208 P.3d 543, and *Meza v. State*, 2015 UT 70, 359 P.3d 592, which suggest that a restitution order entered as a condition of a plea in abeyance under the Act is final and appealable are dicta and therefore not binding. *Mooers*, 2015 UT App 266, ¶¶ 12–14.

¶9     The circumstances in this case are indistinguishable from *Mooers*. Becker has appealed a restitution order entered by the district court under the Act as a condition of his plea in abeyance, and he has appealed during his plea-in-abeyance period. Thus, *Mooers* controls the outcome here: Because Becker has not been sentenced and a conviction has not yet been entered against him, there is no final order from which Becker may appeal.

¶10     Though Becker contends that *Mooers* is inconsistent with prior case law, *Mooers* analyzed the plea-in-abeyance statute and the Act in light of relevant precedent, and we are bound to follow *Mooers* as a matter of stare decisis. *See State v. Thurman*, 846 P.2d 1256, 1269 (Utah 1993) ("[S]tare decisis has equal application when one panel of a multi-panel appellate court is faced with a prior decision of a different panel."); *id.* (stating that horizontal stare decisis requires that "the first decision by a court on a particular question of law governs later decisions by the same court"); *State v. Tenorio*, 2007 UT App 92, ¶ 9, 156 P.3d 854 (explaining that the Utah Court of Appeals is "bound by [its] previous decisions as well as the decisions of the Utah Supreme Court."); *see also State v. Shoulderblade*, 905 P.2d 289, 292 (Utah 1995) (per curiam) ("Stare decisis forges certainty, stability, and predictability in the law. It also reinforces confidence in judicial integrity and lays a foundation of order upon which individuals and organizations in our society can conduct themselves." (citations omitted)). Accordingly, we have no choice but to dismiss for lack of jurisdiction.

¶11   We note, as did *Mooers*, that a defendant desiring to challenge a restitution order in the context of a plea in abeyance is not left entirely without options. He or she may seek interlocutory review pursuant to rule 5 of the Utah Rules of Appellate Procedure or file a petition for extraordinary relief under rule 65B of the Utah Rules of Civil Procedure.[2] We recognize that both these avenues of relief are discretionary and may not be had as a matter of right. However, as *Mooers* points out, in the absence of a final, appealable order, these avenues place the burden on the defendant to show that "'review prior to the full adjudication of the case is justified or that the order will escape review altogether if an appeal is not allowed.'" *Mooers*, 2015 UT App 266, ¶ 18 (quoting *Tyler v. Department of Human Servs.*, 874 P.2d 119, 120 (Utah 1994) (per curiam)).

¶12   The appeal is dismissed for lack of jurisdiction.

---

2. *Mooers* also noted that rule 54(b) of the Utah Rules of Civil Procedure may provide another possible avenue of relief but that rule 54(b) did not appear to apply to the circumstances in that case. *See State v. Mooers*, 2015 UT App 266, ¶ 18 n.4, *petition for cert. filed*, Dec. 2, 2015 (No. 20150996); *cf. Tyler v. Department of Human Servs.*, 874 P.2d 119, 120 (Utah 1994) (per curiam).