*This opinion is subject to revision before
final publication in the Pacific Reporter*

**2017 UT 36**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Respondent,*

*v.*

RYAN MOOERS and DARRON LAVEN BECKER,
*Petitioners.*

No. 20150996
Filed June 27, 2017

On Certiorari to the Utah Court of Appeals

Third District, West Jordan
The Honorable Charlene Barlow
No. 131400410

Third District, Salt Lake
The Honorable Ann Boyden
No. 131902981

Attorneys:

Sean D. Reyes, Att'y Gen., Tera J. Peterson, Asst. Solic. Gen.,
Salt Lake City, for respondent

Nathalie S. Skibine, Debra M. Nelson, Heather J. Chesnut,
Lacey C. Singleton, Salt Lake City, for petitioners

JUSTICE HIMONAS authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE DURHAM, and JUDGE DAVIS joined.

Having recused himself, JUSTICE PEARCE did not participate herein;
DISTRICT JUDGE LYNN DAVIS sat.

JUSTICE HIMONAS, opinion of the Court:

**INTRODUCTION**

¶ 1   We address two underlying cases in this appeal, both of which turn on the same issue: whether an order of complete restitution that is part of a plea in abeyance is a final order appealable as of right. The Utah Court of Appeals determined in the first case, *State v. Mooers,* 2015 UT App 266, 362 P.3d 282, that it is not. In the second case, *State v. Becker,* 2015 UT App 304, 365 P.3d 173, another panel of the court of appeals held that it was bound by the *Mooers* panel's holding. Each panel dismissed its case for lack of jurisdiction, and we consolidated the cases for appeal. We hold that an order of complete restitution is a final order for purposes of appeal and therefore reverse the decisions of the court of appeals.

**BACKGROUND**

¶ 2   The first case involves a restitution order for Ryan Mooers. On April 15, 2013, Mr. Mooers entered a plea in abeyance to third-degree felony theft, a condition of which was the payment of restitution. Thereafter, the State requested that Mr. Mooers pay $5,760.50 in restitution, of which $4,660.50 represented the cost of the items stolen, window repair, and carpet replacement. The victims of the theft stated that their daughter had trouble feeling safe in her room, which had been broken into, so the restitution amount included $1,100 for bars to place over her basement window. Mr. Mooers objected to the inclusion of the cost of the window bars, but the district court found that the cost was part of the pecuniary damages stemming from the theft and, in a ruling dated February 12, 2014, ordered the $1,100 to be included in the restitution order. Thirteen days later, Mr. Mooers filed a notice of appeal. After briefing and argument, the court of appeals held that because the restitution order was part of a plea in abeyance, it was not a final order and the court therefore had no jurisdiction to hear the appeal. *State v. Mooers*, 2015 UT App 266, ¶¶ 1, 19, 362 P.3d 282.

¶ 3   The second case involves Darron Laven Becker's plea in abeyance for attempted aggravated assault after he attempted to hit his neighbor with a shovel. Following the entry of Mr. Becker's plea, the State requested $663.01 in restitution for medical costs that the Utah Office for Victims of Crime paid the neighbor. Mr. Becker objected to the basis for the amount, noting that the only documentation for the amount was a handwritten note from the neighbor requesting $624 for replacement glasses, $39 for an eye exam, and $480 for lost wages. The district court determined that a sufficient nexus between Mr. Becker's actions and the neighbor's requested restitution existed and, on

December 9, 2013, ordered Mr. Becker to pay $663.01. Mr. Becker appealed the district court's order on December 17, 2013. The court of appeals dismissed Mr. Becker's appeal for lack of jurisdiction upon determining that it was bound by the *Mooers* panel's decision. *State v. Becker*, 2015 UT App 304, ¶¶ 7–9, 365 P.3d 173.

¶ 4 We consolidated the cases on appeal and granted certiorari review under Utah Code section 78A-3-102(3)(a).

## STANDARD OF REVIEW

¶ 5 Whether a court has jurisdiction over an appeal is a matter of law, which we review for correctness. *State v. Norris*, 2007 UT 5, ¶ 7, 152 P.3d 305. Statutory interpretation is also a matter of law reviewed for correctness. *State v. Smith*, 2005 UT 57, ¶ 6, 122 P.3d 615.

## ANALYSIS

¶ 6 Both the State and the defendants in these cases approach the issue as one involving a single form of restitution. In taking this view, the State argues that a district court's order of restitution is not final for a plea in abeyance because the defendant has been neither convicted nor sentenced, and it is the sentence that triggers the time for appeal. The defendants argue that because conviction and restitution have separate timeframes and purposes, an order of restitution should be considered final regardless of whether or when a conviction occurs. Both arguments disregard Utah's distinctive statutory framework for restitution, which (1) requires our district courts to assess both complete and court-ordered restitution and (2) makes orders of complete restitution, as opposed to court-ordered restitution, separately appealable from a criminal sentence.

¶ 7 Restitution orders are a unique animal, existing at the convergence of the civil and criminal worlds, and understanding the *sui generis* nature of our Crime Victims Restitution Act, UTAH CODE §§ 77-38a-101 *et seq.*, helps us in our task of statutory interpretation. When interpreting statutes, our primary goal is to ascertain the intent of the legislature. *Carter v. Univ. of Utah Med. Ctr.*, 2006 UT 78, ¶ 9, 150 P.3d 467. "The best evidence of the legislature's intent 'is the plain language of the statute.'" *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863 (citation omitted). We must therefore "read the plain language of the statute as a whole," interpreting its provisions in harmony with the other portions of the statute. *Miller v. Weaver*, 2003 UT 12, ¶ 17, 66 P.3d 592.

¶ 8 The plain language of the Restitution Act contains "a clear directive that district courts are to make two separate restitution determinations, one for complete restitution and a second for court-ordered restitution." *State v. Laycock*, 2009 UT 53, ¶ 20, 214 P.3d 104.

¶ 9 Complete restitution is "restitution necessary to compensate a victim for all losses caused by the defendant," UTAH CODE § 77-38a-302(2)(a), taking into account "all relevant facts," including

> (i) the cost of the damage or loss if the offense resulted in damage to or loss or destruction of property of a victim of the offense; (ii) the cost of necessary medical and related professional services and devices relating to physical or mental health care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment; (iii) the cost of necessary physical and occupational therapy and rehabilitation; (iv) the income lost by the victim as a result of the offense if the offense resulted in bodily injury to a victim; (v) up to five days of the individual victim's determinable wages that are lost due to theft of or damage to tools or equipment items of a trade that were owned by the victim and were essential to the victim's current employment at the time of the offense; and (vi) the cost of necessary funeral and related services if the offense resulted in the death of a victim.

*Id.* § 302(5)(b) (2013).[1]

¶ 10 Court-ordered restitution, on the other hand, is "the restitution the court having criminal jurisdiction orders the defendant to pay as a part of the criminal sentence at the time of sentencing or within one year after sentencing." *Id.* § 302(2)(b). In making this determination, the court considers the factors for complete restitution and then takes into account

---

[1] We cite to the version of the Restitution Act in effect at the time of Mr. Mooers's and Mr. Becker's hearings. The Act was amended in 2016, but the amendments do not affect the difference between complete and court-ordered restitution and do not change the outcome in this case. *See* 2016 Utah Laws ch. 223.

(ii) the financial resources of the defendant . . . ; (iii) the burden that payment of restitution will impose, with regard to the other obligations of the defendant; (iv) the ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; (v) the rehabilitative effect on the defendant of the payment of restitution and the method of payment; and (vi) other circumstances that the court determines may make restitution inappropriate.

*Id.* § 302(5)(c).

¶ 11 In other words, court-ordered restitution is "a subset of complete restitution that, among other things, takes into account the defendant's circumstances." *State v. Brown*, 2014 UT 48, ¶ 21, 342 P.3d 239.

¶ 12 Although the Restitution Act clearly requires a district court to make separate findings for the different kinds of restitution, courts often merge them into one order.[2] This is error. *See Laycock*, 2009 UT 53, ¶ 24. We emphasize that courts must make two separate determinations—one for complete restitution and one for court-ordered restitution and that the two kinds of restitution may be appealed at separate times.

---

[2] While Utah Code section 77-38a-302 delineates the two types of restitution, we recognize that in other parts of the statute it is not always clear whether "restitution" refers to complete or court-ordered restitution. *See State v. Laycock*, 2009 UT 53, ¶ 21, 214 P.3d 104. The Restitution Act frequently refers to "restitution," defining it, in relevant part, as the "full, partial, or nominal payment for pecuniary damages to a victim." UTAH CODE § 77–38a–102(11). But most uses of "restitution" in neighboring statutory provisions do not "make the distinctions and definitional refinements, such as the distinction between complete and court-ordered restitution, made elsewhere in the statute." *Laycock*, 2009 UT 53, ¶ 21. However, reading the statute as a whole, the provisions "unambiguously define[] complete restitution as the full amount of pecuniary damages necessary to compensate a victim for losses caused by a defendant based on the factors listed in section 77-38a–302(5)(c)." *Id.*

¶ 13 The Restitution Act makes clear that an order of complete restitution is a civil order and "shall be considered a legal judgment." UTAH CODE § 77-38a-401(2). Thus, it has "the same [e]ffect and is subject to the same rules as a judgment in a civil action." *Id.* § 401(4). And like a legal judgment in a civil action, it is appealable as of right within thirty days from the entry of the order. UTAH R. APP. P. 3(a) ("An appeal may be taken from a district . . . court to the appellate court with jurisdiction over the appeal from all final orders and judgments[.]"); *id.* 4(a) (noting thirty-day time period to file appeal); *see Kennecott Corp. v. Utah State Tax Comm'n*, 814 P.2d 1099, 1102 (Utah 1991) (explaining that when trial courts reduce certain orders in a case to judgments by virtue of rule 54(b) of the Utah Rules of Civil Procedure, they "thereby make them appealable as of right, effectively forcing the appellate court to review them"); *see also Laycock*, 2009 UT 53, ¶ 33 (stating that after the district court determines complete restitution, "that sum will be reduced to a civil judgment, a judgment that may only be enforced through the Utah Rules of Civil Procedure").

¶ 14 In fact, to not allow immediate appeal of an order of complete restitution would present problems where a defendant's restitution hearing is held more than thirty days after his or her sentencing. *See* UTAH CODE § 77-38a-302(5)(d)(i) (allowing restitution orders to be entered "within one year after sentencing"). If the time to appeal the restitution order is tied to the sentence, the defendant would be in the position of either trying to appeal a restitution order that has not yet been entered or appealing outside of the thirty-day window, in which case the appellate court would lack jurisdiction.

¶ 15 We have not previously addressed this issue, but the Utah Court of Appeals has dealt with this conundrum by recognizing that restitution orders are an exception to the general rule that the sentence is the only final appealable order in a criminal case. *Salt Lake City v. Ausbeck*, 2011 UT App 269, ¶ 4 n.2, 274 P.3d 991 (per curiam) (recognizing that where a restitution order is entered after sentencing, "the sentence constitutes the final order" for purposes of appealing the sentence, and the "order of restitution is a separate appealable order"); *State v. Gibson*, 2009 UT App 108, ¶ 15 & n.5, 208 P.3d 543 (noting that the Restitution Act provides that "a judgment under that act has the same effect as an ordinary judgment" and therefore a "defendant has all the due process rights inherent in [a restitution] hearing and also has the right to appeal the resulting determination"). We agree with the court of appeals, as it would be nonsensical in situations where a

restitution order is entered after the sentence to require a defendant to follow the sentence's appeal deadline in order to appeal a restitution order that has not been entered. Certainly nothing in the Restitution Act requires such an absurd result. *See Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, 2009 UT 7, ¶ 73, 210 P.3d 263 (stating that under the absurd results canon, when "statutory language plausibly presents the court with two alternative readings, we prefer the reading that avoids absurd results" (citation omitted)).

¶ 16 The canon of constitutional avoidance also compels the conclusion that complete restitution is separately appealable. This canon compels us to "reject[] one of two plausible constructions of a statute on the ground that it would raise grave doubts as to its constitutionality." *Utah Dep't of Transp. v. Carlson*, 2014 UT 24, ¶ 23, 332 P.3d 900. In this case, possible constitutional issues could arise from holding that an order of complete restitution is not separately appealable, as the Utah Constitution guarantees that "there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction over the cause." UTAH CONST. art. VIII, § 5. Because a plea in abeyance is not a conviction and therefore not appealable, to hold that a defendant could not separately appeal an order of complete restitution would mean that the defendant potentially could never challenge a civil judgment entered against him, thereby possibly violating the constitutional guarantee of the right to appeal. *See* UTAH CODE § 77-38a-401(2) (complete restitution orders are "legal judgment[s], enforceable under the Utah Rules of Civil Procedure"). This threat is made more palpable by the fact that a defendant who has entered a plea in abeyance may not seek relief through the Post-Conviction Remedies Act. *See id.* § 78B-9-104(1) (providing that only "a person who has been convicted and sentenced for a criminal offense may file an action . . . for post-conviction relief"); *see also Meza v. State*, 2015 UT 70, ¶ 2, 359 P.3d 592 ("We hold that the PCRA does not apply to a successfully completed plea in abeyance . . . .").

¶ 17 We therefore hold that orders of complete restitution are separately appealable. And even though the order of complete restitution is entered on the civil docket, defendants may still appeal the order of complete restitution from their criminal case, which generally goes directly to the court of appeals. UTAH CODE § 78A-4-103(2)(e) (granting court of appeals jurisdiction over appeals in criminal cases except those involving first-degree or capital felonies). This is

because orders of complete restitution, though technically entered on the civil docket, flow entirely from the criminal cases that give rise to them; they are not separate civil cases with a life outside of the criminal case.

¶ 18 Court-ordered restitution, in contrast, is not separately appealable because it is a condition of the plea in abeyance, which is not a final order.[3] It is therefore not appealable unless the sentence is entered. *See State v. Bowers*, 2002 UT 100, ¶ 4, 57 P.3d 1065 ("In a criminal case, it is '*the sentence itself* which constitutes a final judgment from which appellant has the right to appeal.'" (citation omitted)).

¶ 19 But with a plea in abeyance, the court does "not enter judgment of conviction against the defendant nor impose sentence upon the defendant." UTAH CODE § 77-2a-2(1). We therefore treat court-ordered restitution in the plea in abeyance context as a condition of the plea rather than part of the sentence, which may or may not ever be entered. *See id.* § 77-2a-3(5)(b) (listing restitution as one of the possible terms of a plea in abeyance). Like other conditions of a plea in abeyance, then, court-ordered restitution is not appealable as a final order.[4]

---

[3] Whereas a civil order of complete restitution is enforceable as a judgment, a violation of court-ordered restitution subjects the defendant to criminal enforcement mechanisms such as contempt of court or, in the plea in abeyance context, the imposition of a sentence. *See Laycock*, 2009 UT 53, ¶ 32.

[4] We note that defendants may nonetheless sometimes be able to challenge court-ordered restitution that is part of a plea in abeyance. Because defendants can appeal orders of complete restitution as of right, they may always challenge the calculation of damages resulting from the crime. And because court-ordered restitution may never be more than complete restitution, a defendant will never be ordered to pay more than the amount that he or she is able to appeal. *See State v. Brown*, 2014 UT 48, ¶ 21, 342 P.3d 239 (court-ordered restitution is "a subset of complete restitution"). For example, if the court on appeal determines that the amount of complete restitution was too high, and reduces it below the amount of court-ordered restitution, the district court on remand could alter both the amounts for complete and court-ordered restitution, or the defendant could use a changed judgment of complete restitution as the basis for an extraordinary writ in order to

(cont.)

¶ 20 The result of this split in the kinds of restitution is that a district court's order that uses the factors laid out in Utah Code section 77-38a-302(5)(b) is appealable as a final order. But in the plea in abeyance context, a district court's order that applies the factors in section 302(5)(c) is not a final order over which appellate jurisdiction is proper. Therefore, it is possible that a constitutional problem does not arise if a defendant is unable to appeal the court-ordered restitution component of his plea in abeyance because pleas in abeyance are not final orders or judgments and there is therefore no constitutional "case" to which the right to appeal guaranteed by article VIII, section 5 of the Utah Constitution might attach. But our conclusion today is based on the statutory question before us, and we need not and do not reach the question of whether a defendant may have a constitutional right to appeal an order of court-ordered restitution in a plea in abeyance context.

¶ 21 In today's cases, Mr. Mooers and Mr. Becker both challenged orders of complete restitution. In both cases, the district court did not specify whether it was determining complete or court-ordered restitution, instead focusing on whether the disputed cost was part of the "pecuniary damages" resulting from the criminal activity under Utah Code section 76-3-201(4)(a), which states that "[w]hen a person is convicted of criminal activity that has resulted in pecuniary damages, . . . the court shall order that the defendant make restitution to the victims." But because determining pecuniary damages is part of calculating the victim's losses—as required for complete restitution—and because the district court did not apply any of the factors for court-ordered restitution, we treat each district court's order as one for complete restitution.

¶ 22 The district court's order of restitution for Mr. Mooers determined that the addition of $1,100 for window bars was proper because it was a "pecuniary damage[]" under Utah Code section 76-3-201(4)(a). Nowhere in the order does the district court address the court-ordered restitution factors, and we conclude that the court's order was for complete restitution only. Jurisdiction over Mr. Mooers's appeal was therefore proper.

---

lower his or her court-ordered judgment amount, thereby ensuring that court-ordered restitution is never higher than complete restitution.

¶ 23  Similarly, the restitution order for Mr. Becker addressed only whether the neighbor's claim for pecuniary damages was properly considered for restitution, but the district court never addressed any factors for court-ordered restitution. Instead, the district court described its order as "the full and complete order of restitution," which it also deemed "part of the defendant's sentence." Thus, the district court's order for Mr. Becker to pay for the medical expenses was a final order from which he may appeal.

## CONCLUSION

¶ 24  Because the district court's restitution orders for both Mr. Mooers and Mr. Becker were orders of complete restitution rather than court-ordered restitution, we conclude that the court of appeals had jurisdiction over the defendants' appeals. Accordingly, we reverse and remand for the court of appeals to consider the merits of Mr. Mooers's and Mr. Becker's appeals.