2011 UT App 269

**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Paul James AUSBECK, Defendant and Appellant.**

**No. 20110266–CA.**

Court of Appeals of Utah.

Aug. 11, 2011.

Paul James Ausbeck, Salt Lake City, Appellant Pro Se.

Padma Veeru–Collings and Aaron M. Aplin, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and ROTH.

AMENDED DECISION [1]

PER CURIAM:

¶ 1 Paul James Ausbeck seeks to appeal his sentence and the subsequent order of restitution after pleading guilty to a class A misdemeanor. This is before the court on its own motion for summary disposition based on the lack of jurisdiction due to an untimely notice of appeal.

¶ 2 After pleading guilty in July 2010, Ausbeck was sentenced in September 2010. At sentencing, restitution was left open for later determination. A restitution hearing was The formal order memorializing the ruling was submitted to the trial court, which signed and entered the order on January 26, 2011. Although the trial court had intended to give Ausbeck thirty days to file objections

1. This Amended Per Curiam Decision replaces the Per Curiam Decision issued on June 3, 2011, in Case No. 20110266–CA. held on January 6, 2011, at which the trial court ordered a substantial restitution award.

to the order, she found the order to be consistent with her ruling and signed the order without waiting for the objections.

¶ 3 On March 9, 2011, Ausbeck's objections to the order were filed with the trial court. No action was taken on the objections. Ausbeck filed his notice of appeal on March 25, 2011, asserting that he was appealing both his sentence and the restitution order.

¶ 4 To be timely, a notice of appeal must be filed within thirty days of the entry of the judgment or order appealed. *See* Utah R.App. P. 4(a). In a criminal case, the sentence itself constitutes the final order from which to appeal. *See State v. Bowers,* 2002 UT 100, ¶ 4, 57 P.3d 1065. The timely filing of a notice of appeal is jurisdictional. *See id.* ¶ 5. In this case, Ausbeck's notice of appeal was not filed within thirty days of his sentencing. Accordingly, this court lacks jurisdiction over the appeal to the extent that he challenges his sentence.[2] *See id.*

¶ 5 The notice of appeal was also untimely from the order of restitution. Even noting the possible confusion about the order due to the language permitting objections to be filed within thirty days, the notice was untimely. Ausbeck's objections were not filed within the thirty-day period provided in the order.[3] Accordingly, even if the timely filing of objections could have tolled the time for appeal under these circumstances, which we need not decide, Ausbeck's untimely objections had no such effect. Therefore, the notice of appeal was not timely filed and this court lacks jurisdiction over the appeal. Where an appeal is not properly taken, it must be dismissed. *See Bradbury v. Valencia,* 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 6 Dismissed.[4]

¶ 7 I DISSENT: STEPHEN L. ROTH, Judge.

---

**2.** Ausbeck asserts that the time to appeal did not run until after the order of restitution was entered. However, the sentence constitutes the final order. *See State v. Bowers,* 2002 UT 100, ¶ 4, 57 P.3d 1065. An order of restitution is a separate appealable order. *See State v. Gibson,* 2009 UT App 108, ¶ 15, 208 P.3d 543 (noting that a restitution order is separately appealable as a civil judgment under Utah Code section 77–38a–401(4)). The finality of the criminal part of the case is not affected by holding restitution open for later determination.

**3.** Ausbeck asserts that he is entitled to the district court or common law equivalent of rule 4(g) of the Utah Rules of Appellate Procedure, which provides that an inmate's notice of appeal will be considered timely filed if it is placed in the institution mail system before or on the last day for filing. However, rule 4(g) is solely a rule of appellate procedure and there is no district court or common law corollary.

**4.** Ausbeck also asserts that his objections should be considered as a motion to extend the time for appeal under rule 4(e) of the Utah Rules of Appellate Procedure. There is simply no support for such a contortion.