*This opinion is subject to revision before final
publication in the Pacific Reporter.*

**2014 UT 48**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

MICHAEL ADAM BROWN,
*Appellee.*

L.N., *Victim and Appellant*

No. 20130275
Filed October 24, 2014

Sixth District, Kane County
The Honorable Wallace A. Lee
No. 11160026

Attorneys:

Sean D. Reyes, Att'y Gen., Laura B. Dupaix, Ryan D. Tenney,
Asst. Att'ys Gen., Salt Lake City, Richard Van Dyke,
Kane County, for appellee State of Utah

William Leigh, Cedar City, for appellee Michael Adam Brown

Brandon Simmons, Spencer Banks, Salt Lake City, for appellant

JUSTICE LEE authorized the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE DURHAM, and JUSTICE PARRISH joined.

JUSTICE LEE, opinion of the Court:

¶1   L.N. is the alleged victim of the sex crimes charged in this
criminal case against Michael Adam Brown. In the proceedings
below, L.N. sought to intervene by filing a notice of a claim for
restitution. The district court rejected L.N.'s filing on the ground
that she was not a proper party and thus lacked standing to file
pleadings. It also denied a parallel request for restitution filed by

the State, concluding that the travel expenses and lost wages incurred by L.N. and her mother fell beyond the scope of recoverable restitution under Utah Code section 77-38A-302(5)(b).

¶2    L.N. appeals, asserting error in the district court's denial of her right to file a notice of claim for restitution and in the denial of the State's parallel claim. Brown defends the district court's decisions on all counts. The State, for its part, essentially agrees with L.N. Although the State claims that the question of L.N.'s standing to file pleadings is somehow moot, it nonetheless defends L.N.'s limited-party status. And it also argues against the denial of its claim for restitution on L.N.'s behalf.

¶3    We conclude that a crime victim has limited-party status under Utah Code Title 77, Chapter 38a and related provisions, and thus has standing to file a request for restitution. Yet we deem the error in denying L.N.'s filing harmless, as we affirm the denial of the State's (identical) request for restitution for travel expenses and lost wages on its merits. On this question, we interpret the governing statutes to allow restitution only for the pecuniary damages that a victim could recover in a civil action arising out of the defendant's criminal conduct. And because the travel expenses and lost wages sought here would not be available in such a proceeding, we affirm the judgment of the district court.

I

¶4    In March 2011, defendant Michael Brown was charged with several crimes involving sexual conduct with a minor. L.N. was the alleged victim on each charge. Early in the proceedings, L.N.'s counsel sought to enter an appearance for the purpose of asserting a claim for restitution for L.N. The district court denied that request. In so doing it held that L.N. was not a proper party, but indicated that counsel would be allowed to speak on L.N.'s behalf where appropriate.

¶5    In early 2012, Brown pleaded guilty to a single count of unlawful sexual activity with a sixteen or seventeen year old. He received a term not to exceed five years, probation, and was ordered to pay an award of restitution to the victim. Restitution was not fixed at an exact amount, however, but was to remain open during Brown's probation and to be determined later.

¶6    During the criminal proceedings L.N.'s mother attended several hearings on her daughter's behalf. Sometimes the mother

attended alone. On other occasions she was accompanied by L.N. About one month after Brown was sentenced, L.N. filed a notice of a claim for restitution, seeking $612.00 for lost wages incurred by L.N.'s mother while attending the hearings, and $616.00 for costs incurred in traveling to the hearings.

¶7   Brown objected and moved to strike L.N.'s request, asserting that L.N. and her mother were not entitled to restitution for such expenses under Utah law and, in any event, that L.N. did not have standing to file such a pleading in the criminal action. Thus, according to Brown, a crime victim's only avenue for seeking restitution in a criminal case is through the intermediary of the prosecution, which could file a request for restitution on the victim's behalf.

¶8   At that point the State filed its own request for restitution, seeking $1,228.00 on L.N.'s behalf.[1] Brown objected to the State's request on the ground that travel costs and lost wages incurred to attend hearings are not recoverable as restitution.

¶9   In August 2012, the district court heard oral argument from counsel for the State, Brown, and L.N. on the merits of the State's restitution request and on the question whether L.N. was a proper party with standing to file her own request. The district court granted Brown's motion to strike, holding that crime victims are not parties to criminal proceedings and thus lack standing to file pleadings, including requests for restitution. The district court also rejected the restitution claim on its merits, concluding that a victim's lost wages and costs of traveling to hearings are not eligi-

---

[1] The evidence submitted in support of the restitution requests indicated that L.N. and her mother had moved from Page, Arizona, to Flagstaff, Arizona, because the defendant was a prominent member of the community in Page and it had become difficult for them to continue residing there. The trial and hearings were held in Kanab, Utah. When L.N. and her mother attended, they traveled 140 miles round-trip from Page and 420 miles round-trip from Flagstaff. The travel expenses were based on 2011 federal mileage reimbursement rates. The lost wages were based on L.N.'s mother's pay rates in Page and Flagstaff, for twelve hours at each rate.

ble for restitution under Utah Code section 77-38A-302(5)(b) when the victim is not subpoenaed or otherwise compelled to attend.

¶10  L.N. filed a timely notice of appeal. *See* UTAH CODE § 77-38-11(2)(b) (recognizing right of appeal from "[a]dverse rulings . . . on a motion or request brought by a victim of a crime"). The appeal was certified for our consideration by the court of appeals. *See* UTAH CODE § 78A-4-103(3). Our review of the district court's legal determinations is de novo; we afford no deference to its legal analysis. *City of Grantsville v. Redev. Agency*, 2010 UT 38, ¶ 9, 233 P.3d 461.

II

¶11  L.N. raises two grounds for challenging the district court's decision on appeal. First is her challenge to the denial of her right to intervene as a party for the purpose of filing a notice of a claim of restitution. Second is her assertion of error—seconded by the State—in the determination that travel expenses and lost wages are not compensable restitution under Utah Code section 77-38a-302.

¶12  We agree on the first point and thus find error in the denial of L.N.'s right to intervene for the limited purpose of filing a notice of claim for restitution. But we deem that error harmless based on our affirmance of the merits of the decision denying the State's request for restitution on L.N.'s behalf. Thus, because we deem the travel expenses and lost wages sought by L.N.—and echoed by the State—to be non-compensable, we affirm despite a threshold error in the denial of L.N.'s request for intervention.

A

¶13  The right of crime victims to be heard in criminal cases is a matter enshrined in our constitution and expounded upon in our code. Under article I, section 28 of the Utah Constitution, victims have the right "to be heard at important criminal justice hearings related to the victim." UTAH CONST. art. I, § 28(1)(b). By statute, moreover, the term "[i]mportant criminal justice hearings" includes court proceedings involving restitution. UTAH CODE § 77-38-2(5)(f).

¶14  The right to be heard, however, is not the same as a right to file a pleading in a criminal case. Pleadings are filed only by parties, and the traditional parties to a criminal proceeding are two—

the prosecution and the defendant. The question presented here is whether the governing statutes recognize a victim's limited-party status for the purpose of filing a notice of a claim for restitution.

¶15 We interpret the governing statutes to protect that right, and thus to preserve L.N.'s standing to file her notice of restitution.[2] In so holding, we first reject Brown's threshold assertion of mootness—a position he bases on the fact that the State filed its own request for restitution seeking the same funds requested by L.N. This is not a problem of mootness—a change of circumstances resulting in the elimination of the parties' controversy, or rendering the relief requested by the claimant impossible or of no effect. *Utah Transit Auth. v. Local 382 of the Amalgamated Transit Union*, 2012 UT 75, ¶ 14, 289 P.3d 582. It is a much more ordinary circumstance, involving only the existence of two alternative grounds for the relief sought by L.N. The existence of two alternatives is not a mooting event rendering our decision advisory. We accordingly proceed to the question of L.N.'s standing to file a claim for restitution as a party in this criminal proceeding.

¶16 As an initial matter, we concede a general point advanced by Brown: The traditional parties to a criminal proceeding are the prosecution and the defense, and a crime victim is not that kind of party; a victim is not entitled to participate at all stages of the proceedings or for all purposes. But that does not eliminate the possi-

---

[2] The notion of "standing" at issue here is not the traditional sense of that term—as argued by the parties at some length in their briefs on appeal. Thus, the issue is not whether L.N. suffered a cognizable injury with a causal nexus to Brown's misconduct and redressable by an order of the court. *See Jenkins v. Swan*, 675 P.2d 1145, 1148, 1150 (Utah 1983) (stating that standing requires a "distinct and palpable injury" with a "causal relationship" to the alleged misconduct for which the court's relief is "substantially likely to redress the injury claimed"). On that point there is no question of L.N.'s standing. But there is a threshold, antecedent issue that is also sometimes framed in terms of *standing*. That issue does not concern injury, nexus, or redressability, but party status. Thus, to be legally eligible—or in this sense to have *standing*—to participate in certain proceedings, a person or entity must also qualify as a proper party. That is the question here, addressed in detail below.

bility that a victim may qualify as a limited-purpose party—with standing to assert a claim for restitution. And we conclude that crime victims possess that status under our law.

¶17 Some victims' statutory rights are expressly framed as requests to be submitted to the prosecution (and in terms of a duty of the prosecution). Under Utah Code section 77-37-3(1)(b), for example, victims "have a right to be informed and assisted as to their role in the criminal justice process," but that right is expressly tied to a "duty" of "[a]ll criminal justice agencies . . . to provide this information and assistance." Thus, the right to be informed is not coupled with a direct right of participation; it is mediated through a duty of the prosecution.

¶18 The right to restitution is different. Our crime victims bill of rights recognizes the right of a victim to "seek restitution or reparations." UTAH CODE § 77-37-3(1)(e). The right to "seek" connotes a proactive right to "go in search of," or to "try to acquire or gain." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2055 (2002). And other provisions of the code confirm that the anticipated mode of *seeking* restitution is not through the intermediary of the prosecution, but by a direct filing by the victim. Thus, "after giving notice to the prosecution and the defense," a victim is expressly authorized to "seek an appropriate remedy for a violation of a victim's right *from the judge assigned to the case involving the issue.*" UTAH CODE § 77-38-11(2)(a)(iii) (emphasis added).

¶19 These provisions recognize a victim's status as a limited-purpose party. They confirm that our law contemplates a formal role for crime victims—a role in which they have standing to file and pursue a claim for restitution and are not required to await and benefit from the filings of the prosecution. That conclusion is confirmed by the recognition of a victim's right to appeal any "[a]dverse rulings on . . . . a *motion or request* brought by a victim of a crime or representative of a victim of a crime." *Id.* § 77-38-11(2)(b) (emphasis added). Non-parties have no standing to file motions or to otherwise request relief. Such rights are conferred only on parties.

¶20 We accordingly deem victims to possess the status of a limited-purpose party with the right to file a request for restitution. And on that basis we find error in the district court's decision to strike L.N.'s request for restitution.

B

¶21 When a defendant is convicted of a crime resulting in "pecuniary damages," our statutes require the court to "order that the defendant make restitution" to the victims. UTAH CODE § 77-38a-302(1). Two kinds of restitution are described in the code: "complete restitution," a calculation of the restitution necessary to compensate for all losses caused, and "court-ordered restitution," a subset of complete restitution that, among other things, takes into account the defendant's circumstances. *Id*. § 77-38a-302(2). *See generally State v. Laycock*, 2009 UT 53, ¶19–34, 214 P.3d 104 (discussing the differences between complete and court-ordered restitution).

¶22 In the calculation of complete and court-ordered restitution, the victim is limited to recovering only "pecuniary damages." UTAH CODE § 77-38a-102(11) (limiting all restitution to "full, partial, or nominal payment for pecuniary damages to a victim, including prejudgment interest"). And "[p]ecuniary damages," in turn, are defined as "all demonstrable economic injury, whether or not yet incurred, which a person could recover in a civil action arising out of the facts or events constituting the defendant's criminal activities." *Id*. § 77-38a-102(6). By statute, such damages include "the fair market value of property taken, destroyed, broken, or otherwise harmed, and losses including lost earnings and medical expenses," but exclude "punitive or exemplary damages and pain and suffering." *Id*.

¶23 The restitution at issue in this case is not properly compensable under this definition. In a civil tort action against Brown arising out of his criminal activity, L.N. and her mother would not be eligible to recover the lost wages or travel costs that were requested in this case. There is no Utah authority directly on point here, but there is no question that such damages would not be compensable pecuniary damages in an action for sexual assault and battery under Utah law. After all, the longstanding, well-settled rule of the Restatement generally forecloses recovery of costs or expenses incurred in the maintenance of, or related to, litigation. RESTATEMENT (SECOND) OF TORTS § 914 (1979). This principle, moreover, has been endorsed nearly universally in the

courts of the various states,[3] and we find it likewise consistent with our law.[4]

¶24   On that basis we conclude that the lost wages and expenses requested for L.N. and her mother are not "pecuniary damages" compensable as an element of restitution. And we affirm the district court's decision denying the State's request on that ground, and therefore conclude that the error in not allowing L.N. to file her own notice of a claim for restitution was harmless.

————————

---

[3] *See* 1 ATTORNEYS' FEES § 6:1 (3d ed.) (citing cases); 22 AM. JUR. 2D *Damages* § 444 (2013) (citing cases).

[4]  *See Hughes v. Cafferty*, 2004 UT 22, ¶ 21, 89 P.3d 148; *Blake v. Blake*, 412 P.2d 454, 456 (Utah 1966).