Submitted April 28, portion of judgment requiring defendant to pay court appointed attorney fees reversed, otherwise affirmed September 14, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN MAURICE CHRISTY,
*Defendant-Appellant.*

Washington County Circuit Court
C140971CR; A157946

383 P3d 406

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Ingrid A. MacFarlane, Chief Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Debra C. Maryanov, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## LAGESEN, J.

For breaking into the home of a 73-year-old woman against whom he had a history of violent conduct, defendant pleaded guilty to, and was convicted of, first-degree burglary, ORS 164.225; third-degree theft, ORS 164.043; and second-degree criminal mischief, ORS 164.354.[1] In a downward departure from the presumptive sentence for defendant's offenses, the trial court sentenced defendant to, among other things, probation, including a condition requiring completion of an in-patient alcohol treatment program, $4,630.71 in restitution, and $1,135.00 in court-appointed attorney fees. A portion of the restitution award—$1,641.96—was attributable to expenses incurred by the victim homeowner in installing a home security system to safeguard her from defendant.[2] On appeal, defendant assigns error to the portion of the restitution award for the security system, as well as to the award of court-appointed attorney fees. For the following reasons, we affirm as to the restitution award, but reverse as to the attorney fee award.

As to defendant's challenge to the restitution award, we review the court's award to determine whether it correctly applied the applicable law and whether its factual determinations are supported by the evidence. *State v. Jordan*, 249 Or App 93, 96, 274 P3d 289, *rev den*, 353 Or 103 (2012). ORS 137.106 governs awards of restitution in criminal cases. It authorizes a trial court in a criminal case to award restitution to a victim of the defendant's criminal activities for reasonably foreseeable economic damages

---

[1] According to defendant's admissions in the plea petition, the state's summary of the facts at the plea hearing, and the additional evidence presented at the restitution hearing, defendant entered the victim's home while she was out of the house. Upon returning home, the victim found defendant in her upstairs bathroom. The victim was startled by the defendant's presence and fell down the stairs as a result. Defendant fled through a second-floor window. Later, the victim discovered that defendant had left a large carving knife under a chair in her living room. While defendant was in the victim's house, he drank her alcohol, which led to the theft charge against him. Defendant also damaged property while in the victim's house.

[2] Although defendant's brief indicates that the amount of restitution attributable to the home security system is $1,690.05, the transcript reflects that the amount attributable to the home security system is $1,641.96.

incurred by the victim caused by those activities.[3] ORS 137.106(1); *State v. Ramos*, 358 Or 581, 604, 368 P3d 446, (2016); *State v. Pumphrey*, 266 Or App 729, 733, 338 P3d 819 (2014), *rev den*, 357 Or 112 (2015). Pertinent to this case, we have held that a court may award restitution for expenses incurred by a victim in implementing security measures in response to a defendant's crimes—provided, of course, that there is evidence sufficient to support a finding that the defendant's criminal activities were a "but for" cause of the expenses that the victim incurred, and any other applicable criteria for an award of restitution are satisfied. *Pumphrey*, 266 Or App at 735-36; *State v. Gerhardt*, 273 Or App 592, 594, 359 P3d 519 (2015) (en banc), *rev allowed*, 359 Or 527 (2016).

Here, defendant has not disputed that the expenses incurred by the victim in connection with the security system were reasonably foreseeable, and there is evidence to support a finding that defendant's criminal activities were the "but for" cause of the expenses that the victim incurred in connection with the security system. The victim testified that she had lived in her house for 29 years without need for a security system and that, but for defendant's criminal conduct, she would not have needed one, given the particular community in which she lived. However, defendant's criminal conduct of breaking into her house and the likelihood that he would repeat it upon his release from jail made it necessary to install a security system so that she could live safely in her own house, in view of the threat posed by defendant.

In urging us to conclude that the expenses incurred for the security system are not recoverable as restitution, defendant relies on *State v. Steckler*, 236 Or App 524, 237 P3d 882 (2010). In *Steckler*, we concluded that a pharmacy was not entitled to restitution for the expenses that it incurred in installing a security system after the defendant had robbed it. *Id.* at 529. But, as we later clarified in *Pumphrey*, our

---

[3] For purposes of the restitution statutes, "criminal activities" means "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." ORS 137.103(1). "Economic damages" has the meaning given to it by ORS 31.710. ORS 137.103(2).

conclusion in *Steckler* flowed from the fact that the evidence in that case did not support a finding that the defendant's crimes were a "but for" cause of the expenses that the pharmacy incurred in installing the security system. *Pumphrey*, 266 Or App at 736-37. Rather, the facts in the record in *Steckler* indicated that the pharmacy had planned to install the security system as a way to satisfy security measure requirements imposed by the DEA. 236 Or App at 529. By contrast, where, as here, the evidence permits a finding of the necessary causal link between the defendant's crimes and the expenses incurred by a victim for a security system, our decision in *Steckler* does not preclude a restitution award for such expenses. *Pumphrey*, 266 Or App at 736-37; *see also Gerhardt*, 273 Or App at 594 (explaining that statutes governing restitution permit crime victim to recover "reasonable expenses necessarily incurred * * * to redress the harm caused to the victim by a defendant's criminal conduct").

As to defendant's challenge to the trial court's order to pay court-appointed attorney fees, defendant argues that the trial court lacked authority to impose that award because the record contains no evidence regarding defendant's ability to pay attorney fees. Defendant acknowledges that his claim of error is not preserved, but contends that the error is plain and that we should exercise our discretion to correct it. The state concedes that the record does not contain any evidence regarding defendant's ability to pay attorney fees, and that, as a result, the trial court plainly erred by ordering defendant to pay fees.

We accept the state's concession that the trial court plainly erred in imposing attorney fees of $1,135 on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding a trial court plainly errs by imposing court-appointed attorney fees where the record contains no evidence regarding the defendant's ability to pay them). We conclude further that it is appropriate to exercise our discretion to correct the error. In particular, given the evidence of defendant's individual circumstances, including his age (66 at the time of sentencing), his significant struggles with alcohol, the fact that defendant was about to begin an in-patient treatment program for his alcohol addiction and would not be working even if he might have the capacity

to do so, defendant's apparent lack of a permanent home, and the significant restitution obligation posed on him by the judgment, we are persuaded that the error is grave and should be corrected for that reason. *See id.* at 716-17 (identifying considerations in decision whether to exercise discretion to correct error in imposition of court-appointed attorney fees).

Portion of judgment requiring defendant to pay court appointed attorney fees reversed; otherwise affirmed.