**2018 UT App 74**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RYAN MOOERS,
Appellant.

Opinion
No. 20140170-CA
Filed April 26, 2018

Third District Court, West Jordan Department
The Honorable Charlene Barlow
No. 131400410

Nathalie S. Skibine and Heather J. Chesnut,
Attorneys for Appellant

Sean D. Reyes and Tera J. Peterson, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
GREGORY K. ORME and MICHELE M. CHRISTIANSEN concurred.

TOOMEY, Judge:

¶1　Ryan Mooers was charged with burglary and theft after a family returned from vacation to find that their house had been broken into and jewelry and coins stolen. Mooers entered a plea in abeyance to the theft charge, and the State dropped the burglary charge. As part of his plea in abeyance, among other conditions, Mooers was to pay restitution for the stolen items and for damage to the family's property that resulted from the criminal activity. He appeals the restitution order only with respect to the cost of installing security bars on the bedroom window used to enter the house, arguing that because the window did not have security bars prior to the burglary, the bars "are not economic injury or pecuniary damage, but a security

improvement the victims decided to make to their house."[1] We agree with Mooers that the expense of security bars is not a pecuniary damage suffered by the family and vacate the portion of the restitution order addressing the installation costs.

¶2 The family's house was burglarized in November 2012.[2] The family's daughter (Daughter) had a basement bedroom. Its window was broken, and "there was glass everywhere," which damaged the carpet. "[A]pproximately $3,200 of jewelry and coins" were stolen. A detective checked the records of pawn stores and found that Mooers "had pawned jewelry [in November 2012] and that the descriptions appeared to match jewelry descriptions provided by" the mother (Mother). Mother "went to the pawn shop, examined what [Mooers] had pawned, identified it as her property and was able to purchase it back."

---

1. Mooers appealed the order of restitution requiring him to pay for the security bars to this court in 2014. We dismissed that appeal for lack of jurisdiction, concluding, "[A] restitution order imposed as a condition of a plea in abeyance agreement, where the defendant's plea has not been entered and the defendant has not been sentenced," is not a final and appealable order. *State v. Mooers*, 2015 UT App 266, ¶ 1, 362 P.3d 282, *rev'd by State v. Mooers*, 2017 UT 36. The Utah Supreme Court consolidated *Mooers* with a second case, *State v. Becker*, 2015 UT App 304, 365 P.3d 173, and reversed our decisions that we lacked jurisdiction in each case, concluding that the district court's restitution orders were for "complete restitution," which were final, appealable orders. *Mooers*, 2017 UT 36, ¶¶ 17, 24. The cases were remanded to this court, and we now consider the merits of Mooers's appeal. *See id.* ¶ 24.

2. Because Mooers pleaded guilty to theft, there was no trial and resulting transcript, so we recite the facts from the criminal information, pleadings, as well as the change-of-plea and restitution hearings.

¶3    Following the burglary, Daughter no longer felt safe in her bedroom and "wouldn't go to the basement by herself." She would not sleep in her bedroom and instead "slept on the couch." Mother accompanied her whenever Daughter went to the basement to retrieve her clothes or to do her laundry. One month after the burglary, Mother and her husband (Father) decided to install security bars in Daughter's bedroom window to "[g]ive her security." After the bars were installed, Daughter returned to sleeping in her bedroom.

¶4    Daughter believed that a friend of hers (Friend) might have been a suspect, as Friend had stolen from her in the past. Friend "claimed that she had nothing to do with the burglary and suggested that maybe . . . [Mooers] might be involved." As the investigation continued, other individuals came forward to report that Mooers and Friend had broken into the family's house and "[came] out carrying a bunch of stuff" including "jewelry and coins." In the declaration of probable cause, a detective claimed that, when interviewed, Mooers "admitted that he and [Friend] broke into the house, stole jewelry and that he pawned it."

¶5    The State charged Mooers with burglary, a second degree felony, *see* Utah Code Ann. § 76-6-202 (LexisNexis 2017),[3] and theft, a third degree felony, *see id.* § 76-6-404. As the result of a plea agreement, Mooers agreed to plead guilty to theft, attend a theft class, and pay restitution to the family. In exchange, the State agreed to drop the burglary charge. The district court accepted Mooers's plea and held it in abeyance for eighteen months. The court "[gave] the State 90 days to determine the restitution."

---

3. Amendments made with respect to each of the statutes cited in this opinion are not substantive and do not affect the outcome of this appeal. We therefore refer to the most recent edition of the Utah Code. *State v. Rackham*, 2016 UT App 167, ¶ 9 n.3, 381 P.3d 1161.

¶6 The State filed a motion for restitution in the amount of $5,760.50—$4,660.50 to cover the "value of stolen items, window repair, and carpet replacement," and $1,100 for "the cost of placing bars on the window used to access the stolen items." The court set a restitution hearing at which Daughter and Mother testified about why the security bars were installed on Daughter's bedroom window. Following the hearing, "the court continued the matter for briefing," and the State argued in its brief that, based on the "modified but for" test[4] for determining whether restitution is appropriate, the need for these security bars would not have been necessary if the burglary had not occurred; Mooers admitted to aiding others into the house; and the family paid the down payment for the security bars within weeks of the burglary.

¶7 Mooers objected to the State's motion, arguing that the $1,100 cost for the security bars was not pecuniary damages but were instead "voluntary expense[s] incurred by the . . . family after the theft had taken place." He also argued that, "while the theft may have influenced the family's decision to incur this expense, this does not make it 'pecuniary damages' resulting from Mr. Mooers's 'criminal activity.'" (Quoting Utah Code Ann. § 76-3-201(4)(a) (LexisNexis 2017).) In addition, he argued

---

4. In February 2018, the Utah Supreme Court determined that courts should apply the proximate cause test when determining whether a defendant's criminal activity has resulted in pecuniary damages. *State v. Ogden*, 2018 UT 8, ¶ 48. In doing so, the holding "necessarily overrule[d] the body of court of appeals precedent applying a 'modified but for' test." *Id.* ¶ 48 n.12. Although the district court determined that Mooers should pay restitution for installing the security bars under the "modified but for" test, we need not analyze whether the cost of installing security bars was proper under the proximate cause test because we conclude that this cost was improperly included among the pecuniary damages. *See infra* ¶¶ 11–15.

that because he "did not plead guilty to burglary[,] he is not responsible for the cost of installing the security bars."

¶8      The district court concluded that restitution for the cost of installing the security bars on the bedroom window was appropriate. It found that Daughter's fear "was a direct result of the break-in for which [Mooers] admitted criminal responsibility," even though he did not plead guilty to burglary. Because the family "would not have paid to install security bars except for the criminal conduct for which [Mooers] accepted responsibility," and because the decision to install the bars was not factually or temporally attenuated from the criminal conduct, the court ordered Mooers to pay the entire restitution amount requested by the State. Mooers appeals.

¶9      Mooers contends the district court exceeded its discretion in ordering restitution for installing security bars on Daughter's bedroom window because they "are not an economic injury or pecuniary damage," as required by Utah Code section 77-38a-302, but they are instead "a security improvement" to the house. We "will not disturb a [district] court's restitution order unless it exceeds that prescribed by law or [the court] otherwise abused its discretion." *State v. Corbitt*, 2003 UT App 417, ¶ 6, 82 P.3d 211 (quotation simplified).

¶10     "When a defendant enters into a plea disposition or is convicted of criminal activity that has resulted in pecuniary damages, . . . the court shall order that the defendant make restitution to victims of crime . . . , or for conduct for which the defendant has agreed to make restitution as part of a plea disposition." Utah Code Ann. § 77-38a-302 (LexisNexis 2017); *see also id.* § 76-3-201(4)(a). Pecuniary damages are "all demonstrable economic injur[ies], whether or not yet incurred . . . arising out of the facts or events constituting the defendant's criminal activities." *Id.* § 77-38a-102(6) (LexisNexis 2017). "By statute, [pecuniary] damages include 'the fair market value of property taken, destroyed, broken, or otherwise harmed,'" but they exclude "'punitive or exemplary damages and pain and

suffering.'" *State v. Brown*, 2014 UT 48, ¶ 22, 342 P.3d 239 (quoting Utah Code Ann. § 77-38a-102(6)).

¶11    In this case, we must determine whether, under the plain language of Utah Code section 77-38a-102(6), security bars installed after a burglary and theft are a pecuniary damage for purposes of restitution. We conclude that they are not.

¶12    "When interpreting statutes, we first look to the plain language of the statute and give effect to that language unless it is ambiguous." *State v. Jeffries*, 2009 UT 57, ¶ 7, 217 P.3d 265. The plain language of Utah Code section 77-38a-102(6) is not ambiguous. It provides that pecuniary damages, or "demonstrable economic injury[,] . . . includes the fair market value of property taken, destroyed, broken, or otherwise harmed." Utah Code Ann. § 77-38a-102(6). It also explicitly excludes "punitive or exemplary damages and pain and suffering."[5]

¶13    Black's Law Dictionary defines "pecuniary" as " relating to, or consisting of money," *Pecuniary*, Black's Law Dictionary (10th ed. 2014), and "damages" as "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury," *Damages*, Black's Law Dictionary (10th ed. 2014).

---

5. "[P]unitive damages" are "awarded in addition to actual damages" and "are intended to punish and thereby deter blameworthy conduct." *Punitive Damages*, Black's Law Dictionary (10th ed. 2014). "[A]ctual damages" are "awarded to a complainant to compensate for a proven injury or loss." *Actual Damages*, Black's Law Dictionary (10th ed. 2014). "Pain and suffering" is defined as "[p]hysical discomfort or emotional distress compensable as an element of noneconomic damages." *Pain and Suffering*, Black's Law Dictionary (10th ed. 2014). And "noneconomic damages" are referred to as "nonpecuniary damages." *Noneconomic Damages*, Black's Law Dictionary (10th ed. 2014).

"[L]oss" is defined as "the act or fact of losing," *Loss*, Webster's Third New International Dictionary (1968), as well as "the disappearance or diminution of value," *Loss*, Black's Law Dictionary (10th ed. 2014). And "injury" is defined as "[a]ny harm or damage." *Injury*, Black's Law Dictionary (10th ed. 2014).

¶14 Here, Daughter's bedroom window did not have security bars on it prior to the burglary and theft. Therefore no security bars were damaged when the bedroom window was broken to enter the house and commit the crimes. Without damage, loss, harm, or an economic injury to property, a court cannot order restitution to compensate the victim. *See Brown*, 2014 UT 48, ¶ 22.

¶15 Contrary to the State's argument that this is a "mental health care . . . devi[ce]" that was "demonstrably economic and objectively verifiable" by the receipts, the record does not reflect that family installed the security bars based on a mental health professional's advice or prescription. Instead, Mother and Father determined that it would be best to install the bars as additional security and to give Daughter a sense of safety. *See* Utah Code Ann. § 77-38a-302(5)(b)(ii) (providing that, "[i]n determining the monetary sum and other conditions for complete restitution, the court shall consider all relevant facts, including . . . the cost of necessary medical and related professional services and devices relating to physical or mental health care"). Any conclusion that the family could recover restitution for the security bars as a health care related device without evidence that a health care professional prescribed or advised the use of the security bars would allow victims to circumvent the restitution requirements and claim many noneconomic damages following criminal activity as "necessary medical and related professional service[] [or] device[] relating to physical or mental health care." *See id.* For example, the purchase of a new weapon for the defense of the house or the installation of new security cameras could be included under this proffered application. This does not comport with our restitution statutes. *Cf. State v. Ogden*, 2018 UT 8, ¶ 66 (reminding "district court[s] to ensure that . . . restitution

calculation[s rest] on non-speculative evidence of losses that [a victim] has incurred or will likely incur").[6]

¶16    We conclude that the district court exceeded its discretion when it ordered Mooers to pay restitution for the cost of

_____

6. The State explains that, under the proximate cause test, where foreseeability of an injury to a victim based on a defendant's criminal conduct applies, other jurisdictions have determined that it is "foreseeable that a victim would take steps to remedy her fear and lost sense of security after her home has been burglarized." *See e.g.*, *In re M.N.*, 2017-Ohio-7302, ¶¶ 13–14 (Ohio Ct. App. 2017) (determining that a restitution award for costs "to rekey the home and car . . . were necessary to restore the security that [the victim] had prior to the offense"); *State v. Christy*, 383 P.3d 406, 407–08 (Or. Ct. App. 2016) (explaining that Oregon courts "may award restitution for expenses incurred by a victim in implementing security measures in response to a defendant's crimes—provided, of course, that there is evidence sufficient to support a finding that the defendant's criminal activities were a 'but for' cause of the expenses" incurred and determining a restitution award for installing a security system after a burglary was appropriate because it was "reasonably foreseeable" that the victim would install it "so that she could live safely in her own house"). We decline to address whether Utah courts should adopt a similar standard. The State addressed this argument in its supplemental brief and has framed the issue under the proximate cause test's foreseeability element, which we have declined to address. *See supra* note 4. Because Mooers has not had an opportunity to rebut this argument and because it was framed under the "foreseeability" of an "injury" that resulted from Mooers's criminal actions, we leave the discussion for another day. Of course, in the meantime, our legislature might choose to amend section 77-38a-302 to specifically authorize "restitution for expenses incurred by a victim in implementing security measures in response to a defendant's crimes*." See Christy*, 383 P.3d at 407.

installing security bars on a bedroom window after the burglary and theft. The court's order goes against the plain meaning of the statute's definition of pecuniary damages and is therefore unreasonable under Utah Code section 77-38a-302. *See State v. Corbitt*, 2003 UT App 417, ¶ 6, 82 P.3d 211 ("[We] will not disturb a [district] court's restitution order unless it exceeds that prescribed by law or [the court] otherwise abused its discretion." (quotation simplified)). Unlike the broken window, the damaged carpet, and the stolen items, the security bars had not yet been installed and were therefore not "taken, destroyed, broken, or otherwise harmed." *See* Utah Code Ann. § 77-38a-102(6).

¶17 We therefore vacate the district court's order of restitution with respect to the cost of installing the security bars on Daughter's bedroom window and remand for the court to enter an amended restitution order that includes payment for only the broken window, damaged carpet, and stolen items.[7]

───────────

───────────

7. Mooers also challenges the restitution order requiring him to pay for the installation of the security bars based on his argument that he pleaded guilty only to theft, not burglary. This argument is specious. He admitted during a police interview that "he and [Friend] broke into the house, stole jewelry and that he pawned it." He also admitted in his signed plea statement and at the change-of-plea hearing that he "aided others into entering a home and taking coin and jewelry." In addition, Mooers agreed to pay restitution to any victim for his conduct, "including any restitution that may be owed on charges that are dismissed as part of [this] plea agreement," which included his burglary charge. Had we determined that the installation of the security bars was a pecuniary damage, Mooers's argument in this respect would not be persuasive and we would proceed with applying the proximate cause test to the order of restitution.