**2023 UT App 112**

# THE UTAH COURT OF APPEALS

UTAH OFFICE FOR VICTIMS OF CRIME,
Limited-Purpose Party/Appellant,

*v.*

NICHOLAS EZEKIEL HEMBREE,
Appellee.

Opinion
No. 20220466-CA
Filed September 28, 2023

Eighth District Court, Vernal Department
The Honorable Edwin T. Peterson
No. 191800614

Sarah E. Goldberg,
Attorney for Limited-Purpose Party/Appellant

Ramon Ortiz, Debra M. Nelson, and Benjamin Miller,
Attorneys for Appellee Nicholas Ezekiel Hembree

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES RYAN D. TENNEY and AMY J. OLIVER concurred.

CHRISTIANSEN FORSTER, Judge:

¶1 Nicholas Ezekiel Hembree pleaded guilty but mentally ill to two first-degree felonies and two third-degree felonies. The district court did not address restitution at the sentencing hearing, but the court's minutes entered after the hearing noted that no restitution was being sought under the plea agreement. After sentencing, the Utah Office for Victims of Crime (UOVC) submitted a motion for restitution, which the court denied. UOVC sought reconsideration of the denial, which the court also denied. UOVC now appeals the court's denial of its request for restitution, arguing the court erred by refusing to order Hembree to pay restitution. We agree and therefore vacate the court's order and remand the matter to the district court for further proceedings.

BACKGROUND

¶2      In October 2019, soon after Hembree was charged with five felony counts, UOVC initiated contact with the Uintah County Attorney's Office to inform the prosecutor assigned to the case (Prosecutor) that it had approved a reparation award to the victim and would be seeking reimbursement. This initial letter included a request from UOVC for Prosecutor's assistance in collecting restitution for the amounts UOVC had paid on behalf of the victim. Thereafter, UOVC sent numerous updated restitution notices to Prosecutor, informing Prosecutor that the victim had received a total of $2,119.33 from UOVC for medical-related expenses.

¶3      In August 2021, Hembree pleaded guilty but mentally ill to several of the charges. At the change of plea hearing, neither the district court nor the parties discussed restitution. However, Hembree acknowledged in his written statement in support of guilty plea (plea agreement) that he "may be ordered to make restitution to any victim(s) of [his] crimes, including any restitution that may be owed on charges that are dismissed as part of a plea agreement." The plea agreement did not otherwise address restitution.

¶4      Hembree was sentenced to prison in January 2022. At the sentencing hearing, the district court asked Prosecutor for victim input on sentencing. In response, Prosecutor indicated that the direct victim wanted Hembree to be incarcerated; however, Prosecutor did not indicate that the direct victim was seeking restitution, and the court did not discuss the issue of restitution with the parties. Nevertheless, the minutes from that hearing note that "[r]estitution is not being sought in this matter as per the plea agreement."

¶5      Approximately two weeks after the sentencing hearing, UOVC filed a motion for restitution seeking $2,119.33 in

restitution. Neither party opposed the motion. Nevertheless, the district court did not hold a hearing on the motion and denied it by returning UOVC's proposed order "not signed" and without providing any justification for the denial. UOVC then filed a motion to reconsider, which the court denied in a written order. In the order, the court explained it was denying the motion to reconsider based on the court's belief that Prosecutor's failure to address restitution before judgment bound UOVC as a fellow "State" agency to the terms of the plea agreement, which terms "did not include restitution." As such, the court concluded that UOVC's restitution request was "untimely and potentially violative of [Hembree's] due process rights and simply not in the fundamental interests of justice."

## ISSUE AND STANDARD OF REVIEW

¶6    UOVC appeals the district court's denial of its post-sentencing restitution request. "We will not disturb a district court's restitution order unless it exceeds that prescribed by law or [the court] otherwise abused its discretion. But we review a district court's interpretation of restitution statutes for correctness." *State v. Hamilton*, 2018 UT App 202, ¶ 15, 437 P.3d 530 (quotation simplified).

## ANALYSIS

### I. This Court Has Jurisdiction Over This Appeal

¶7    To begin, we must consider whether we have jurisdiction over this appeal. Hembree argues that this court lacks jurisdiction because UOVC appealed from the wrong order. Specifically, Hembree contends that UOVC should have appealed from the sentencing order rather than the district court's denial of its post-sentencing motion for restitution. This argument is incorrect for two primary reasons.

¶8 First, the district court's sentencing order is distinct from its order denying restitution. Utah law addresses sentencing and restitution determinations separately and allows for sentencing and restitution to be imposed at different times. *See* Utah Code § 77-38b-205(5). Section 77-38b-205(1) of the Utah Code states, "If a defendant is convicted, . . . the court shall order a defendant, as part of the sentence imposed . . . , to pay restitution to all victims . . . ." *Id.* § 77-38b-205(1). While the availability of restitution hinges on a conviction, restitution can be determined and imposed after sentencing. *See id.* § 77-38b-205(5). Furthermore, the Utah Supreme Court has acknowledged that "orders of complete restitution . . . [are] separately appealable from a criminal sentence." *State v. Mooers*, 2017 UT 36, ¶ 6, 424 P.3d 1. In Hembree's case, restitution was not addressed by the parties at sentencing, except for in the plea agreement, which both parties agree fails to explicitly indicate that Hembree did not have to pay restitution. Moreover, because restitution was not formally ordered as part of Hembree's sentence, there was no restitution order for UOVC to appeal. The only final and definitive decision regarding restitution was the district court's denial of UOVC's motion for restitution. Accordingly, UOVC's appeal from this order was proper, and this court has jurisdiction to hear this case.[1]

¶9 Second, UOVC is not a traditional party to the criminal case and did not have standing to appeal the sentencing order. Under Utah law, only parties to a criminal case can bring a direct appeal. *See* Utah Code § 77-18a-1; *see also State v. Sun Surety Ins. Co.*, 2004 UT 74, ¶ 9, 99 P.3d 818 (explaining that only "a party to the criminal case" may "bring a direct appeal"). And as our supreme court has explained, "[o]nly the State and the defendant are actual

---

1. In a related vein, Hembree argues that "[n]ot only has UOVC appealed from the wrong order, but it is now too late to appeal the correct one." However, UOVC's appeal was timely given that it did not appeal from the wrong order. *See* Utah Code § 77-38b-205(5) (establishing timelines for entering an order for restitution).

parties to a criminal action." *State v. Lane*, 2009 UT 35, ¶ 17, 212 P.3d 529; *see also State v. Brown*, 2014 UT 48, ¶ 14, 342 P.3d 239 ("[T]he traditional parties to a criminal proceeding are two—the prosecution and the defendant.").

¶10   Even though UOVC is not a traditional party to the case, it was nevertheless entitled to participate in some of the proceedings. Utah law contemplates that crime victims "possess the status of a limited-purpose party with the right to file a request for restitution." *Brown*, 2014 UT 48, ¶ 20. As relevant here, section 77-38b-102(17)(b)(i) of the Utah Code defines "victim" to include "the [UOVC] if the [UOVC] makes a payment to, or on behalf of, a victim." Thus, because UOVC made payments to the victim in Hembree's case, it qualifies as a victim.

¶11   As a victim under the law and not a party in this case, UOVC was "not entitled to participate at all stages of the proceedings or for all purposes." *Brown*, 2014 UT 48, ¶ 16. Indeed, UOVC could not appeal the sentencing order, *see Lane*, 2009 UT 35, ¶¶ 16–17, nor could it negotiate the terms of the plea agreement, *see State v. Hamilton*, 2018 UT App 202, ¶ 23, 437 P.3d 530 ("Plea agreements are negotiated between the defendant and the State . . . ."). It could, however, "file and pursue a claim for restitution," including appealing "any 'adverse rulings on . . . a motion or request brought by a victim of a crime or representative of a victim of a crime.'" *Brown*, 2014 UT 48, ¶ 19 (quoting Utah Code § 77-38-11(2)(b) (quotation simplified)).[2] Accordingly,

_____

2. Hembree appears to argue that the district court's minute entry from the sentencing hearing—which states that "[r]estitution is not being sought in this matter as per the plea agreement"— constitutes an adverse ruling on a request for restitution that is appealable under Utah law. *See* Utah Code § 77-38-11(2)(b); *accord State v. Brown*, 2014 UT 48, ¶ 19, 342 P.3d 239. But we construe this language in the judgment as nothing more than an aside because

(continued…)

UOVC was within its rights to file motions and appeal the denial of its direct request for restitution.

## II. The District Court Erred in Denying UOVC's Request for Restitution

¶12 The district court denied UOVC's motion for restitution on the grounds that it was untimely, that it went against the plea agreement between Prosecutor and Hembree, and that ordering restitution after sentencing would possibly violate Hembree's due process rights. We address each in turn.

### A. UOVC's Request Was Timely

¶13 The district court concluded UOVC's motion for restitution was untimely because it was not filed until after sentencing. In reaching this conclusion, the court misinterpreted the statutory provisions governing restitution.

¶14 Victims (like UOVC) may seek restitution after sentencing. Section 77-38b-205(5) of the Utah Code allows a court to order restitution until the earlier of (1) the conclusion of the defendant's sentence or (2) in the case of a first-degree felony—as is the case here—within seven years of sentencing. UOVC filed its motion for restitution on February 7, 2022, only two weeks after Hembree was sentenced on January 25, 2022, and well within the timeline allowed by law.

¶15 In addition, subsection 77-38b-205(4) clearly acknowledges that a court is not required to enter an order for restitution at sentencing and may do so at a later hearing, *see* Utah Code § 77-

---

as discussed *infra* ¶¶ 19–20, there is no evidence that the parties agreed on restitution in the plea agreement, that anyone affirmatively requested restitution at the sentencing hearing (or that the issue was even discussed), or that restitution was affirmatively waived.

38b-205(4) ("If a court does not enter an order for restitution at sentencing, the court shall schedule a hearing to enter an order for restitution . . . ."), and subsection 77-38b-205(6) provides for what action should be taken when the court does not enter such an order, *see id.* § 77-38b-205(6)(a) ("If a court does not order restitution at sentencing . . . , the prosecuting attorney or the victim may file a motion for restitution within the time periods described in Subsection (5)."). This statutory scheme clearly demonstrates the legislature's understanding and desire that restitution can be determined and declared either at sentencing or within the statutorily specified period after sentencing. Because UOVC is a victim, it was within its rights to file a motion for restitution after sentencing because the district court did not order restitution at sentencing or schedule a restitution hearing. And because UOVC filed its motion within the timeline required, the request was valid and should not have been dismissed by the district court as untimely.

B.     UOVC Is Not Bound by Prosecutor's Actions

¶16     The district court also denied UOVC's motion for restitution based on its conclusion that UOVC is an "entity of the 'State' of Utah" and was therefore "bound" by Prosecutor's actions in negotiating the terms of the plea agreement, which did not affirmatively address restitution. This conclusion was erroneous.

¶17     First, though both are agents of the State of Utah, Prosecutor and UOVC are separate entities. As previously discussed, UOVC is a "victim" in this case. It is well settled that a prosecutor does not represent victims in criminal proceedings. While prosecutors are given some responsibilities relating to victims, they do not represent victims directly. *See generally* Utah Code § 77-38b-202 (outlining the responsibilities of a prosecuting attorney regarding the collection of restitution information on behalf of a victim). This separation is also evidenced by the fact

that a court is prohibited from entering a restitution order without holding a hearing unless, among other requirements, the prosecutor certifies to the court that he or she "has consulted with all victims, *including* [*UOVC*]." *Id.* § 77-38b-205(4)(b) (emphasis added). Thus, while the law contemplates that victims and prosecuting attorneys must work together in some respects, the two entities are still not one and the same.

¶18　Second, UOVC was not "bound" by Prosecutor's actions here.[3] Section 77-38b-205(6)(a) of the Utah Code states that "[i]f a court does not order restitution at sentencing . . . , the prosecuting attorney *or* the victim may file a motion for restitution" within the time period allowed by statute. (Emphasis added.) This subsection makes clear that victims may submit a request for restitution *separately* from a prosecutor. The ability to seek restitution independently evidences that a victim is not limited by a prosecutor's actions—or, as is the case here, inactions. In short, because UOVC is a victim, it did not need to work through

---

3. There are some circumstances where a prosecutor can bind UOVC (or any other victim) concerning restitution: "If a court does not enter an order for restitution at sentencing, the court shall schedule a hearing to enter an order for restitution, unless: the prosecuting attorney certifies to the court, on the record, that: (i) the prosecuting attorney has consulted with all victims, including [UOVC]; and (ii) all victims, including [UOVC], are not seeking restitution." Utah Code § 77-38b-205(4)(b). Thus, if Prosecutor had certified to the court that he had consulted with all victims, including UOVC, and thereafter affirmatively represented to the court that no restitution was being sought, UOVC might be bound by Prosecutor's actions. However, even if Prosecutor had consulted with UOVC and none of the victims were seeking restitution (which is clearly not the case), Prosecutor never made such a certification to the court, and the failure to address restitution is not a circumstance in which the actions of Prosecutor can bind UOVC.

Prosecutor to file a valid motion for restitution, even after sentencing.

¶19     Third, UOVC is not "bound" by the terms of the plea agreement. As an initial matter, the district court's conclusion that it had "entered a judgment which did not include restitution" is not supported by the record. UOVC asserts, and Hembree does not dispute, that the plea agreement did not discuss restitution amounts or affirmatively state that restitution was not being sought. Indeed, there was no indication during the change of plea hearing or the sentencing hearing that restitution was not being sought, and Hembree has not pointed to anywhere in the record where Prosecutor discussed restitution with the court. And while the court's minutes from the sentencing hearing do mention that "[r]estitution is not being sought . . . as per the plea agreement," there is no evidence that the parties agreed on restitution in the plea agreement or that restitution was affirmatively waived. Thus, the court's conclusion that the judgment "did not include restitution" was in error. The plea agreement merely failed to finalize restitution; it did not forever preclude it from being sought.[4]

---

4. In response, Hembree posits that UOVC should be estopped from seeking restitution because Prosecutor's silence led Hembree to believe that restitution would not be required of him and he relied on this assumption in his decision to plead guilty. This argument misses the mark. Equitable estoppel has three elements. *See R.O.A. Gen. Inc. v. Salt Lake City Corp.*, 2022 UT App 141, ¶ 28, 525 P.3d 100. To prove the first element, Hembree must show that Prosecutor made "a statement, admission, act, or failure to act . . . inconsistent with a claim later asserted." *Id.* (quotation simplified). Hembree cannot prove this element because, under the statutory scheme at issue, neither Prosecutor nor UOVC had any duty to request restitution *before* sentencing; rather, they were

(continued…)

¶20 But even assuming, for purpose of argument, that restitution had been specifically determined as part of the plea agreement, neither the district court nor UOVC would be bound by the terms of the agreement. Here, the only parties that were bound to the terms of the plea agreement were the parties to the agreement—the State and Hembree. *See* Utah Code § 77-38b-102(12) (defining plea agreement as "an agreement entered between the prosecuting attorney and the defendant"). Barring certain exceptions not at issue here, *see supra* note 2, the law does not allow victims (including UOVC) to be bound by a plea agreement to which they are not a party, *see State v. Hamilton*, 2018 UT App 202, ¶ 23, 437 P.3d 530 (stating that "plea agreements are like contracts" and that only the defendant and the State are parties to a plea agreement (quotation simplified)). And this same principle applies to the district court. As a non-party to the plea agreement, the court is not required to accept the terms of the agreement and may instead exercise discretion in determining the amount of restitution based on the evidence presented. *See State v. Stringham*, 2001 UT App 13, ¶ 14, 17 P.3d 1153 ("Even where the [State] and the defendant reach a plea agreement, the court is not required to accept it." (quotation simplified)); *State v. Rodrigues*, 2009 UT 62, ¶ 26, 218 P.3d 610 (explaining that "a district court has discretion to adjust the amount of restitution agreed to by the parties in a plea agreement" so long as the adjustment falls within the bounds prescribed by statute (quotation simplified)). Because UOVC is a victim and not a party to the case, nothing in the plea agreement bound UOVC to a position of not seeking restitution.

¶21 In sum, UOVC was not bound by Prosecutor's actions. UOVC and Prosecutor are separate entities, and, under the

---

entitled to request restitution at any time before the earlier of seven years after sentencing or the termination of Hembree's sentence. *See* Utah Code §§ 77-38b-202(2)(c), -205(5).

circumstances here, Prosecutor did not have the authority to bind UOVC regarding a request for restitution.

C.      Ordering Restitution Would Not Violate Double Jeopardy

¶22     Lastly, the district court concluded that ordering Hembree to pay restitution after sentencing would "potentially" violate his due process rights. This conclusion was also incorrect.

¶23     Traditionally, the rules of double jeopardy mean that a sentencing order is the only appealable order in a criminal case. However, this court and the Utah Supreme Court have recognized restitution orders as an exception to this rule because restitution orders can be entered after sentencing. *See State v. Mooers*, 2017 UT 36, ¶ 15, 424 P.3d 1; *Salt Lake City v. Ausbeck*, 2011 UT App 269, ¶ 4 n.2, 274 P.3d 991, *cert. denied*, 268 P.3d 192 (Utah 2011). The supreme court has explained that "the Double Jeopardy Clause only proscribes resentencing where the defendant has developed a legitimate expectation of finality in his original sentence." *State v. Rodrigues*, 2009 UT 62, ¶ 36, 218 P.3d 610 (quotation simplified). Holding a restitution hearing and ordering restitution would not violate due process because the law specifically allows for decisions to be made regarding restitution after a sentence has been imposed. *See, e.g.*, Utah Code § 77-38b-205(4) ("If a court does not enter an order for restitution at sentencing, the court shall schedule a hearing to enter an order for restitution . . . ."). The law anticipates that there will be scenarios where restitution is decided after sentencing and gives a timeline in which such motions may be made. *See id.* § 77-38b-205(5). Therefore, it is unreasonable to conclude that Hembree had a "legitimate expectation of finality" to the issue of restitution at the time of his sentencing, and the Double Jeopardy Clause is not implicated. *Rodrigues*, 2009 UT 62, ¶ 36 (quotation simplified).

CONCLUSION

¶24 The district court erred in denying UOVC's motion for restitution. The court misinterpreted the relevant statutory provisions when it concluded that UOVC could not seek restitution after sentencing. UOVC's motion was timely, UOVC was not bound by Prosecutor's actions, and ordering restitution after sentencing would not violate Hembree's due process rights. We therefore vacate the court's order and remand the matter for additional proceedings.

———————